ROCK, Appellant,

v.

MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Appellee.

[Cite as *Rock v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1992), 79 Ohio App.3d 126.]

Court of Appeals of Ohio,
Cuyahoga County.

Nos. 62437 and 62572.

Decided April 7, 1992.

*Walter, Haverfield, Buescher & Chockley, Peter Turner* and *Jonathan D. Greenberg,* for appellant.

*Reminger & Reminger Co., L.P.A.,* and *Richard J. Rymond,* for appellee.

*Per Curiam.*

Alvin G. Rock sued Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch") for negligence, fraud, breach of contract and breach of fiduciary duties arising from the sale of securities. Merrill Lynch answered and moved for dismissal or a stay based upon an arbitration agreement signed by Rock. The trial court dismissed the action and Rock timely appeals.

In one assignment of error Rock challenges the court's ruling. Upon review of the record, we reverse and remand the case for arbitration.

■ The arbitration provisions states in relevant part:

"Agreement to Arbitrate Controversies: It is agreed that any controversy between us arising out of your business or this agreement shall be submitted to arbitration conducted under the provisions of the constitution and rules of the board of governors of the New York Stock Exchange, Inc. or pursuant to the Code of Arbitration Procedure of the National Association of Securities Dealers, Inc., as the undersigned may elect."

It is well established that public policy favors dispute resolution by arbitration. *Gibbons–Grable Co. v. Gilbane Bldg. Co.* (1986), 34 Ohio App.3d 170, 173, 517 N.E.2d 559, 562.

■ Rock initially argues that Merrill Lynch should be estopped from compelling arbitration because the company denied the existence of the agreement before the lawsuit was filed. The record demonstrates that one month before Rock filed his complaint, a Merrill Lynch representative indicated he could not locate the arbitration agreement and that Rock could pursue his claims through litigation. Nineteen days after Rock filed suit, Merrill Lynch sent him a copy of the agreement and requested Rock pursue arbitration. We do not find Rock demonstrated any prejudice by Merrill Lynch's delay in locating the agreement and asserting its right to seek arbitration. Only nineteen days had passed since the complaint was filed. Furthermore, as noted in *Standard Roofing Co. v. John G. Johnson & Sons·Constr. Co.* (1977), 54 Ohio App.2d 153, 156, 8 O.O.3d 281, 282–283, 376 N.E.2d 610, 613, the preparation for a lawsuit is not substantially different than preparing for arbitration. Thus, we find no grounds for estoppel.

■ Rock also contends Merrill Lynch waived its right to arbitration by not raising this defense in its answer. In *Mills v. Jaguar–Cleveland Motors, Inc.* (1980), 69 Ohio App.2d 111, 23 O.O.3d 142, 430 N.E.2d 965, this court held:

"The general rule is said to be * * * that either party to a contract of arbitration may waive it. * * * And a plaintiff's waiver may be effected by filing suit. When the opposite party, the potential defendant, is confronted with a filed lawsuit, the right to arbitrate can be saved by seeking enforcement of the arbitration clause. This is done under R.C. 2711.02 by application to stay the legal proceedings pending the arbitration. Failure to move for a stay, coupled with responsive pleadings, will constitute a defendant's waiver." *Id.* at 113, 23 O.O.3d at 143–144, 430 N.E.2d at 967. See, also, *Jones v. Honchell* (1984), 14 Ohio App.3d 120, 14 OBR 135, 470 N.E.2d 219.

In its answer, Merrill Lynch raised as an affirmative defense the court's lack of jurisdiction over the subject matter of the lawsuit. Although the better practice would be to explicitly plead the right to arbitration, we find Merrill Lynch's answer adequately preserved its rights under the arbitration

agreement since the company also filed a motion to dismiss or stay the action pursuant to R.C. 2711.02. *Mills, supra; Jones, supra.* See, also, *Channel Dry, Inc. v. Haver* (1990), 70 Ohio App.3d 197, 202, 590 N.E.2d 868, 871 (lack of jurisdiction proper Civ.R. 12[B] defense when asserting right to arbitration).

■ Finally, Rock argues that assuming Merrill Lynch is entitled to arbitration the court should have stayed the lawsuit instead of entering a dismissal. We agree. R.C. 2711.02 states:

"If any suit or proceeding is brought upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceedings is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."

This court has held that when a dispute is subject to arbitration under R.C. 2711.02 the trial court should stay the lawsuit rather than dismiss it. *Gibbons–Grable, supra,* 34 Ohio App.3d at 176, 517 N.E.2d at 564; *Cleveland Bldg. Corp. v. Boyd* (Nov. 10, 1988), Cuyahoga App. No. 54702, unreported, at 4, 1988 WL 121040.

Accordingly, we overrule the assignment of error in part and sustain it in part. The judgment is reversed and the cause is remanded to the trial court for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

NAHRA, P.J., and LILE, J., concur.

HARPER, J., concurs in part and dissents in part.

ROGER G. LILE, J., of the Tuscarawas County Common Pleas Court, sitting by assignment.

HARPER, Judge, concurring in part and dissenting in part.

I concur with the reversal of this case, but dissent from the majority decision to remand the case for arbitration. I think that the case should be remanded to the trial court to reinstate appellant's action and proceed with the litigation for the following reasons.

Like the majority, I agree that R.C. 2711.01, which governs arbitration, recognizes generally that provisions in a written agreement providing for arbitration are enforceable. However, exceptions apply to this general rule,

and a right to arbitration can be waived by actions of the parties. See *Mills v. Jaguar–Cleveland Motors, Inc.* (1980), 69 Ohio App.2d 111, 23 O.O.3d 142, 430 N.E.2d 965.

Appellant's counsel, before filing a lawsuit, sought a settlement in his letter of March 13, 1991, which provides in part:

"Mr. Rock is willing to discuss a resolution to this serious matter on terms that will compensate him for his loss. If you are unwilling to discuss such a resolution, please provide me copies of any and all customer agreements or applications signed by Mr. Rock in setting up account number 617–96237. In particular, I am interested to learn whether Mr. Rock agreed to submit this dispute to arbitration, or whether I may proceed by filing a complaint in the Court of Common Pleas.

"If I have not heard from you either way in this regard by the end of this month, I will assume that you are not interested in discussing a settlement and that there is no binding arbitration provision. Accordingly, I will proceed to finalize and file Mr. Rock's complaint alleging fraud, breach of fiduciary duty and seeking thereunder *all* damages allowable."

Appellee responded as follows:

"Merrill Lynch cannot agree with your conclusion that the firm or Mr. Gendler acted wrongly in connection with the contested trades. We do not believe that Mr. Gendler engaged in any unsuitable or unauthorized trading on Mr. Rock's behalf. Nor do we believe that Mr. Gendler either misrepresented or concealed any material information in connection with the bond trades. Under the circumstances, Merrill Lynch is not prepared to offer Mr. Rock any compensation on the basis of his claims.

"We have located no arbitration agreement between Merrill Lynch and Mr. Rock. If Mr. Rock chooses to press this matter further, he may do so through litigation in the courts. If Mr. Rock wants to voluntarily submit his claims to arbitration, Merrill Lynch would willingly consent.

"Of course, our real preference would be for Mr. Rock to drop this matter."

Appellee's failure to consider a settlement by daring appellant to go to court and litigate, in and of itself, was sufficient to constitute a waiver and appellant need not show prejudice.

R.C. 2711.02 states:

"If any suit or proceeding is brought upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceedings is referable to arbitration under such an agreement, *shall on application of one of the parties stay the trial of the action until such*

*arbitration has been had in accordance with the agreement,* providing the applicant for the stay is not in default in proceeding with such arbitration." (Emphasis added.)

A party, in order to comply with the requirements of R.C. 2711.02, must do two things. First, he must seek a stay of proceedings before the court. Second, he must comply with the provisions of the arbitration agreement before a stay can be granted.

In the within case, the agreement of the parties states in relevant part as follows:

"11. Agreement to Arbitrate Controversies

"It is agreed that any controversy between us arising out of your business or this agreement shall be submitted to arbitration conducted under the provisions of the constitution and Rules of the Board of Governors of the New York Stock Exchange, Inc. or pursuant to the Code of Arbitration Procedure of the National Association of Securities Dealers, Inc., as the undersigned may elect. If the controversy involves any security or commodity transaction or contract related thereto executed on an exchange located outside the United States, then such controversy shall, at the election of the undersigned, be submitted to arbitration conducted under the constitution of such exchange or under the provisions of the Constitution and Rules of the Board of Governors of the New York Stock Exchange, Inc. or the Code of Arbitration Procedure of the National Association of Securities Dealers, Inc. *Arbitration must be commenced by service upon the other of a written demand for arbitration or a written notice of intention to arbitration, therein electing the arbitration tribunal. In the event the undersigned does not make such designation within five (5) days of such demand or notice, then the undersigned authorizes you to do so on behalf of the undersigned."* (Emphasis added.)

The agreement between the parties was drafted by appellee and signed by appellant. Appellant by the provisions of the agreement was required to demand arbitration in writing or its "intention to arbitrate." Appellee's letter of May 21, 1991 to appellant after it discovered the agreement was as follows:

"Our purpose in calling was to advise that despite the statement to the contrary in Cheri Bade's April 5 letter to you, Mr. Rock did sign an arbitration agreement. We asked whether you and your client would agree to arbitrate."

Appellee's letter of May 21, 1991, one month after it advised appellant to file a lawsuit, and almost three weeks after appellant filed a lawsuit, was neither a demand letter to arbitrate nor a notice of intent to arbitrate.

Appellee's failure to follow the provisions in the agreement it drafted also constituted a waiver.

On July 5, 1991, appellee filed its answer. In spite of its knowledge of the arbitration provision in the agreement, it still failed to plead it in its answer. The court in *Jones v. Honchell* (1984), 14 Ohio App.3d 120, 122, 14 OBR 135, 137, 470 N.E.2d 219, 221, held:

"Appellees' waiver of the arbitration provision may be inferred from the filing of the instant suit in the Butler County Court of Common Pleas in lieu of pursuing arbitration. See *Mills v. Jaguar–Cleveland Motors, Inc.* (1980), 69 Ohio App.2d 111 [23 O.O.3d 142, 430 N.E.2d 965]; *Standard Roofing Co. v. Construction Co.* (1977), 54 Ohio App.2d 153 [8 O.O.3d 281, 376 N.E.2d 610]. Appellant did not raise the arbitration provision of the contract in his answer, which may also be construed to be a waiver of the clause. See *Mills, supra,* and *Standard Roofing, supra.* Had appellant elected to force the dispute into arbitration he need only have asserted the arbitration clause in his answer and made a motion to stay the trial per R.C. 2711.02."

On July 29, 1991, appellee filed a motion to dismiss or compel arbitration. Motion to compel is premised on the fact that an action to which the compulsion is required has been filed. For example, in discovery, one cannot file a motion to compel discovery without first seeking to discover. So also should a motion to compel arbitration, assuming such motion exists. It must be premised on the assumption that arbitration was sought, either by an answer to a complaint, or by prior demand to an arbitrator or even a motion to stay, none of which appellant thought fit to do.

I do not agree with the majority that appellee's answer adequately preserved its right under the arbitration agreement. Appellee answered only that the court lacked jurisdiction which is a standard answer in complaints. No right is preserved without a party specifically stating why a court lacked jurisdiction. It is therefore, outside the Rules of Civil Procedure for appellee to file a motion to compel arbitration or dismiss without first requesting an arbitration.

Having determined that appellee did not follow the provisions in the written agreement between the parties, nor follow the provisions of R.C. 2711.02, I find that it is not entitled to be rewarded with a remand for arbitration. The totality of appellee's action constituted a waiver and the trial court should reinstate appellant's action and proceed with the lawsuit. Accordingly, I concur in part and respectfully dissent in part.