OPINION
Defendant-appellant, Crockett Construction, Inc., appeals the decision of the Columbiana County Court of Common Pleas denying its Motion to Stay Proceedings Pending Arbitration.
On April 23, 1996, plaintiffs-appellees, Scott and Kelly Peterson, contracted with appellant to construct a residence for them at 408 Homeworth Road, Alliance, Ohio. After the residence was completed appellees discovered numerous problems with the quality of appellant's work. Appellees informed appellant of the problems on several occasions, but the problems went uncured.
On December 5, 1997, appellees filed a complaint in the Columbiana County Court of Common Pleas alleging breach of contract, defective workmanship, and a violation of the Ohio Consumer Sales Practices Act. Appellant filed two separate answers, one filed on January 15, 1998 and the other filed January 16, 1998 by counsel for appellant's insurance carrier. The answer of January 15, 1998 included as an affirmative defense the claim that an arbitration clause in the contract between the parties barred appellees' complaint. The answer also included a compulsory counterclaim alleging breach of contract in that appellees had failed to pay cost overruns according to the terms of the parties' agreement. At the same time as the first answer was filed, appellant filed its first discovery requests and a demand for jury trial. Appellees responded to the discovery requests on April 14, 1998.
A telephone conference was held on May 14, 1998, at the conclusion of which the matter was set for pretrial on January 8, 1999. The trial court's judgment entry indicates that during the telephone conference, counsel, presumably for appellant, indicated that arbitration might be requested. In addition, counsel for both parties were ordered to exchange settlement offers, although no trial date was set.
On November 23, 1998 appellant filed a Motion to Stay Proceedings Pending Arbitration, pursuant to R.C. 2711.02. The arbitration request was based on language found in the parties' agreement, which provides in pertinent part, as follows:
 "* * * In the event that a dispute arises concerning the subject construction contract of [sic] the performance of Contractor, the dispute shall be submitted to arbitration or other dispute resolution under the rules of the American Arbitration Association. The Purchaser shall allow Contractor to make any corrections, modifications, or other adjustments required by the American Arbitration Association resolution proceeding."
On December 10, 1998, the trial court denied appellant's motion holding that appellant had waived its right to arbitrate by filing an answer and counter-claim, demanding a jury trial, and by not requesting the stay in a timely fashion. It is from this decision of the trial court that appellant brings this timely appeal.
Appellant's sole assignment of error states:
 "THE TRAIL COURT ERRONEOUSLY DETERMINED THAT THE DEFENDANT-APPELLANT HAD WAIVED ITS CONTRACTUAL RIGHT TO ARBITRATE THE PARTIES' DIFFERENCES, AND THUS MISTAKENLY DENIED THE DEFENDANT-APPELLANT'S MOTION TO STAY PROCEEDINGS, PENDING ARBITRATION."
Appellant argues that public policy in Ohio favors arbitration and that any waiver of the right to arbitrate is not to be lightly inferred. Appellant notes that it expressly identified its right to arbitrate in the affirmative defense section of its answer and subsequently informed the trial court of the possibility of arbitration during the telephone conference held on May 14, 1998. In addition, appellant claims that at the time it filed for a stay of proceedings no pretrial conference had been held and no trial date had been set, all of which appellant claims is evidence that the right to arbitrate was not waived.
In response, appellees argue that appellant waived its right to arbitration by failing to file its motion in a timely manner. Appellees note that appellant's motion was filed nearly a year after the complaint had been filed and some ten months after the filing of appellant's answer. In addition, appellees argue that discovery had already begun in the matter, that the trial court had set a pretrial date, and that appellant had filed a counterclaim for breach of contract against appellees without seeking a stay of proceedings. According to appellees, the totality of the circumstances demonstrates that appellant waived any right to arbitrate the matter by acting inconsistently with said right.
Arbitration, as a method of alternative dispute resolution, has long been favored in the law. Kelm v. Kelm (1993), 68 Ohio St.3d 26,27. Arbitration provides parties with a relatively speedy and inexpensive method of conflict resolution and has the additional advantage of unburdening crowded court dockets. Mahoning Cty. Bd.of Mental Retardation v. Mahoning Cty. TMR Edn. Assn. (1986),22 Ohio St.3d 80, 83. As a reflection of Ohio's preference for arbitration, R.C. 2711.02 allows a party to seek a stay of proceedings pending arbitration and to immediately appeal a trial court's determination that a party has waived its right to arbitrate.
As a general rule, either party to a contract of arbitration may waive it. Rock v. Merrill Lynch, Pierce, Fenner Smith, Inc.
(1992), 79 Ohio App.3d 126, 128. A plaintiff waives the right to arbitrate by filing a complaint. Id. When the opposite party, the potential defendant, is confronted with a filed lawsuit, the right to arbitrate can be saved by seeking enforcement of the arbitration clause. Harsco Corp. v. Crane Carrier Co. (1997),122 Ohio App.3d 406, 412. This is done under R.C. 2711.02 by application to stay the legal proceedings pending the arbitration. Id. Failure to move for a stay, coupled with responsive pleadings, will constitute a defendant's waiver. Millsv. Jaguar-Cleveland Motors, Inc. (1980), 69 Ohio App.2d 111, 113.
To prove that a defending party waived its right to arbitration, a complainant is required to demonstrate that the defending party knew of an existing right to arbitration but acted inconsistently with that right to arbitrate. Harsco, supra, at 414. "The essential question is whether, based on the totality of the circumstances, the party seeking arbitration has acted inconsistently with the right to arbitrate." Id., at 413 414. Circumstances which may be considered by the court as pertinent to the issue are: (1) any delay in the requesting party's demand to arbitrate via a motion to stay judicial proceedings and an order compelling arbitration; (2) the extent of the requesting party's participation in the litigation prior to its filing a motion to stay the judicial proceeding, including a determination of the status of discovery, dispositive motions, and the trial date; (3) whether the requesting party invoked the jurisdiction of the court by filing a counterclaim or third-party complaint without asking for a stay of the proceedings; and (4) whether the non-requesting party has been prejudiced by the requesting party's inconsistent acts. Id.
In reviewing a trial court's determination that a party has waived its right to arbitrate, an appellate court must apply an abuse of discretion standard. See, e.g., id., at 410; BedfordCity School District v. The Trane Co. (Mar. 20, 1997), Cuyahoga App. No. 71024, unreported, at *2. The question of waiver is usually a fact-driven issue and an appellate court will not reverse a finding of waiver absent a showing of an abuse of discretion. ACRS, Inc. v. Blue Cross Blue Shield of Minnesota
(Oct. 29, 1998), Cuyahoga App Nos. 73390, 73399, 73410, unreported, at *4 An abuse of discretion will not be found when the reviewing court simply could maintain a different opinion were it deciding the issue de novo. Lewis v. Alfa LavalSeparation, Inc. (1998), 128 Ohio App.3d 200, 207. Rather, an abuse of discretion connotes more than an error in law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
Clearly the trial court did not abuse its discretion in determining that appellant knew of its right to arbitrate the dispute under the terms of the agreement between the parties. In addition to raising the arbitration clause in its answer, appellant also reminded the trial court during the telephone conference that arbitration remained an option. This evidence clearly established that appellant was aware of its right to arbitrate.
Similarly, we fail to see how the trial court abused its discretion in finding that appellant had waived its right to arbitrate through its conduct. Appellant filed a counterclaim for damages, a demand for jury trial, and responded to discovery requests without seeking a stay of proceedings. By the time appellant finally filed its motion, nearly a year had passed since the filing of appellees' complaint. Certainly this conduct was inconsistent with the "speedy and inexpensive method of conflict resolution" afforded by arbitration. Mahoning Cty. Bd.of Mental Retardation, supra.
Although appellant claims that settlement negotiations were ongoing throughout this period, there is nothing in the record to confirm this. The trial court was undoubtedly in a better position than is this court to determine whether appellant's conduct evidenced "an acquiescence to proceeding in a judicial rather than arbitration forum." Griffith v.Linton (Dec. 22, 1998), Franklin App. No. 98AP-371, unreported, at *4 (citing Envirex, Inc. v. K.H. Schussler Fur Umwelttechnik GmbH
[E.D.Wis. 1993], 832 F. Supp. 1293, 1295.). Although this court might have ruled differently on the motion were we deciding the issue de novo,
based on the totality of the circumstances we cannot say that the trial court's decision was unreasonable, arbitrary or unconscionable.
Finally, we note that appellant places great reliance on this court's previous decision in Salem City School Dist. Bd. of Edn. v. UltraBuilders, Inc. (Jan. 29, 1993), Columbiana App. No. 92-C-48, unreported, in which we held that procedural issues, such as whether an arbitration claim is timely filed, were questions properly left to the arbitration panel. However, in Ultra, supra, the parties' agreement contained a clause providing that any demand for arbitration was required to be made within "a reasonable time after the claim has arisen." The issue in the instant case is not whether appellant's request for arbitration was timely filed under the terms of the arbitration agreement, but whether the request for a stay of the trial court's proceedings was timely made pursuant to R.C. 2711.02. The former remains a decision for the arbitration panel; the latter is patently a decision for a trial court. As such, appellant's reliance on Ultra, supra, is misplaced.
Accordingly, appellant's sole assignment of error is found to be without merit.
The judgment of the trial court is hereby affirmed and the matter is remanded for further proceedings consistent with this opinion.
Cox, J., concurs.
Vukovich, J., concurs.
APPROVED:
 ________________________________ Gene Donofrio Judge