[Cite as *Ohio Bell Tel. Co. v. Cent. Transport, Inc.*, 2011-Ohio-6161.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.  96472

## THE OHIO BELL TELEPHONE CO., ET AL.

PLAINTIFFS

vs.

## CENTRAL TRANSPORT, INC., ET AL.

DEFENDANTS

## [APPEAL BY THE CLEVELAND ELECTRIC ILLUMINATING COMPANY]

**JUDGMENT:
REVERSED AND REMANDED**

Civil Appeal from the
Parma Municipal Court
Case No.  09 CVE 305

**BEFORE:**  Boyle, P.J., Sweeney, J., and Jones, J.

**RELEASED AND JOURNALIZED:**     December 1, 2011

**ATTORNEYS FOR APPELLANT**

Adam J. Russ
Christopher G. Keim
Frantz Ward, LLP
2500 Key Center
127 Public Square
Cleveland, Ohio    44114-1230

**ATTORNEYS FOR APPELLEES**

**For The Ohio Bell Telephone Company**

Edward L. Bettendorf
45 Erieview Plaza
Suite 1400
Cleveland, Ohio    44114

William H.    Hunt
Hunt & Cook
Gemini Tower II, Suite 400
2001 Crocker Road
Westlake, Ohio    44145

**For Central Transport, Inc.**

Brian M.    Zaber
Reminger Company, L.P.A.
1400 Midland Building
101 Prospect Avenue, West
Cleveland, Ohio    44115

MARY J. BOYLE, P.J.:

{¶ 1} Appellant, The Cleveland Electric Illuminating Company ("Electric Company") appeals from the trial court's order granting the motion to stay proceedings pending arbitration filed by appellee, The Ohio Bell Telephone Company ("Ohio Bell"). Finding merit to the appeal, we reverse and remand for further proceedings.

<u>Procedural History and Facts</u>

{¶ 2} In January 2009, Ohio Bell commenced the underlying action in Parma Municipal Court, asserting claims for trespass and negligence against Central Transport and the Electric Company. Ohio Bell alleged that a truck owned by Central Transport collided with its aerial telephone cables that were attached to two utility poles located in Brooklyn Heights and owned by the Electric Company. According to Ohio Bell, Central Transport's driver had failed to keep a proper lookout for objects in his path and the Electric Company had failed to properly maintain its poles. Ohio Bell sought to recover approximately $7,600 for damages sustained to its telephone wires and facilities.

{¶ 3} The Electric Company answered the complaint and further filed a cross-claim against Central Transport for negligence, seeking to recover approximately $3,800 for damages sustained to its poles, and for contribution and indemnity as to the claim asserted by Ohio Bell. The Electric Company further filed a counterclaim against Ohio Bell, asserting a negligence claim, alleging that Ohio Bell failed to maintain proper height restrictions with its lines, thereby resulting in the damage to the Electric Company's utility poles. It further asserted a claim for contractual indemnity under a

1923 Joint Pole Agreement, alleging that Ohio Bell is responsible for any damage arising out of the attachment of Ohio Bell's telephone wires to its poles, seeking to recover the $3,800 in repair costs that it incurred.

{¶ 4} Both parties ultimately resolved their claims against Central Transport, who likewise resolved its counterclaim and cross-claim. Central Transport is not a party to this appeal.

{¶ 5} In July 2009 — six months after filing suit and after an issue arose regarding Ohio Bell's authority for attaching its wires to the Electric Company's poles — Ohio Bell dismissed without prejudice its claims against the Electric Company. Less than two months later, the Electric Company moved to file an amended counterclaim, adding claims for declaratory judgment and seeking injunctive relief. Specifically, the Electric Company sought a declaration that Ohio Bell is trespassing on the Electric Company's two utility poles (the "damage location" of Ohio Bell's underlying suit) and an injunction enjoining Ohio Bell from its trespass now and in the future.

{¶ 6} The trial court granted the Electric Company's motion for leave to file an amended counterclaim and accepted the amended counterclaim filed instanter. In September 2009, Ohio Bell subsequently answered the amended counterclaim, raising a defense that the trial court lacked subject matter jurisdiction. Ohio Bell, however, never asserted that the matter was subject to a mandatory arbitration provision.

{¶ 7} The parties proceeded with discovery. On September 7, 2010, the Electric Company filed a motion to compel the deposition of Ohio Bell's corporate representative.

Following a pretrial, the trial court rescheduled the trial date to December 2010, allowing the parties additional time to conduct discovery. On September 30, 2010, the Electric Company filed its notice of deposition. On October 12, 2010 — one day prior to the scheduled deposition — Ohio Bell moved for a protective order to prevent the taking of any depositions. The next day, the trial court granted the motion in part, limiting the scope of the deposition but allowing it to go forward.

{¶ 8} The deposition did not go forward, and on October 26, 2010, the Electric Company filed a renewed motion to compel the deposition of Ohio Bell's corporate representative, seeking sanctions. Ohio Bell opposed the motion and later filed a motion to stay proceedings pending arbitration pursuant to R.C. 2711.02. Specifically, Ohio Bell relied on Article XVI of the Joint Pole Agreement, which contained the following arbitration provision:

{¶ 9} "If the parties hereto disagree as to any matter arising under this Agreement, the matters in dispute shall be disputed for determination to a Board of Arbitrators to be selected as follows." After briefing, the trial court granted Ohio Bell's motion, finding that it had not waived its right to pursue arbitration under the Joint Pole Agreement.

{¶ 10} From that order, the Electric Company appeals, raising the following two assignments of error:

{¶ 11} "I. The trial court erred by failing to apply the binding legal standard for determining waiver of right to arbitration.

{¶ 12} "II.   The trial court abused its discretion in staying the matter pending arbitration and finding that Appellee The Ohio Bell Telephone Co. ("Ohio Bell") had not waived its right to arbitration."

{¶ 13} Because they are related, we will address these assignments together.

Waiver

{¶ 14} In its two assignments of error, the Electric Company argues that the trial court abused its discretion in staying the matter pending arbitration and finding that Ohio Bell had not waived its right to arbitration.   It contends that the trial court failed to apply binding precedent and wrongly relied on a single case in support of its conclusion that Ohio Bell had not waived its right to arbitrate.

{¶ 15} Given Ohio's strong policy in favor of arbitration, the waiver of the right to arbitrate is not to be lightly inferred.   *U.S. Bank, N.A. v. Wilkens*, 8th Dist. No. 93088, 2010-Ohio-262, ¶28.   Instead, a party asserting waiver must prove the waiving party (1) knew of the existing right to arbitrate; and (2) acted inconsistently with that right. *Milling Away LLC v. UGP Properties LLC*, 8th Dist. No. 95751, 2011-Ohio-1103, ¶8. "'The essential question is whether, based upon the totality of the circumstances, the party seeking arbitration has acted inconsistently with the right to arbitrate.'"   *Checksmart v. Morgan*, 8th Dist. No. 80856, 2003-Ohio-163, ¶22, quoting *Wishnosky v. Star-Lite Bldg. & Dev. Co.* (Sept. 7, 2000), 8th Dist. No. 77245.

{¶ 16} With regard to whether a party has acted inconsistently with the right to arbitrate, this court has set forth the following factors to consider: (1) whether the party

seeking arbitration invoked the jurisdiction of the trial court by filing a complaint, counterclaim, or third-party complaint without asking for a stay of proceedings; (2) the delay, if any, by the party seeking arbitration in requesting a stay of proceedings or an order compelling arbitration; (3) the extent to which the party seeking arbitration participated in the litigation, including the status of discovery, dispositive motions, and the trial date; and (4) any prejudice to the non-moving party due to the moving party's prior inconsistent actions. *Wilkens*, 2010-Ohio-262, ¶31, citing *Phillips v. Lee Homes, Inc.* (Feb. 17, 1994), 8th Dist. No. 64353.

{¶ 17} The question of waiver is usually a fact-driven issue, and an appellate court will not reverse the trial court's decision absent a showing of abuse of discretion. *Featherstone v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 159 Ohio App.3d 27, 2004-Ohio-5953, 822 N.E.2d 841, ¶10. A court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶ 18} In its first assignment of error, the Electric Company contends that the trial court failed to properly apply the holding of *Mills v. Jaguar-Cleveland Motors, Inc.* (1980), 69 Ohio App.2d 111, 430 N.E.2d 965, which recognizes that a "plaintiff's waiver may be effected by filing suit" or by failing to affirmatively plead arbitration as a defense in a responsive pleading. The Electric Company argues that Ohio Bell's filing of the underlying suit in Parma Municipal Court effectively waived its right to later arbitrate the matter. It further contends that the trial court's reliance on *Rock v. Merrill Lynch,*

*Pierce, Fenner & Smith, Inc.* (1992), 79 Ohio App.3d 126, 606 N.E.2d 1054, was misplaced because that case is factually distinguishable from the underlying case.

{¶ 19} The record reveals that the trial court rejected the Electric Company's claim that Ohio Bell's motion to stay pending arbitration should be denied under this court's holding in *Mills.* Instead, the trial court relied on *Rock*, which recognizes that a party does not automatically waive its right to pursue arbitration by failing to specifically plead the right to arbitrate in its answer provided the party pleads that the trial court lacks jurisdiction and also moves to stay the action to arbitrate the claim. Although the *Rock* court specifically noted that the better practice would be to explicitly plead the right to arbitration, it nevertheless found that the assertion of a lack of jurisdiction adequately preserved the defendant's right to arbitrate under the circumstances of that case. Id. at 128-129.

{¶ 20} To the extent that the Electric Company argues that *Mills* compelled a finding that Ohio Bell waived its right to arbitrate by its initial filing of the complaint, we find this argument unpersuasive. Notably, Ohio Bell's initial complaint was not seeking any relief under the Joint Pole Agreement that contains the arbitration provision. Further, Ohio Bell ultimately voluntarily dismissed its claims against the Electric Company before any resolution. We therefore cannot say that Ohio Bell's initial commencement of suit against the Electric Company on claims that it later dismissed effectuated a waiver of arbitration on claims later asserted by the Electric Company.

{¶ 21} We do find, however, that the instant case is distinguishable from *Rock* and that the trial court unreasonably concluded that Ohio Bell did not waive its right to arbitrate based on the totality of the circumstances. Indeed, the defendant in *Rock* requested arbitration 19 days after the complaint had been filed. Conversely, in this case, despite knowing of its right to arbitrate, Ohio Bell sat on its right for over a year and litigated the case in Parma Municipal Court, acquiescing to the jurisdiction of the trial court.

{¶ 22} Applying the factors enumerated above, we find that the record demonstrates that Ohio Bell waived it right to arbitrate. Again, there is no dispute that Ohio Bell was aware of the arbitration provision; indeed, it was filed in the court in 2009 as part of the Electric Company's first answer and counterclaim. And while Ohio Bell did generally deny subject matter jurisdiction once the Electric Company amended its counterclaim against Ohio Bell and specifically asserted claims under the Joint Pole Agreement, it did not move to stay the proceedings and compel arbitration for over a year following its answer. During that year, Ohio Bell engaged in discovery and motion practice — factors that favor a finding of waiver. Indeed, the trial court's own factual findings belie its ultimate conclusion that Ohio Bell had not waived arbitration, i.e., that significant time had elapsed and that the motion was filed after extended discovery.

{¶ 23} Ohio Bell's extensive delay in filing its motion to stay pending arbitration is particularly bothersome because it appears that the motion was filed only after obtaining an unfavorable ruling on its motion for a protective order. And while we recognize that

Ohio Bell did raise the arbitration issue in its motion for a protective order, it did not separately seek arbitration.[1]   Instead, only after the trial court ordered that the Electric Company's request for deposition to go forward did Ohio Bell finally move to stay the proceedings pending arbitration.   A party cannot sit on its right to arbitrate for over a year, while actively litigating the case, and then assert such a right in the face of an adverse ruling — such conduct amounts to forum shopping.

{¶ 24} Accordingly, given the record before us, we find that the trial court abused its discretion in granting Ohio Bell's motion to stay proceedings pending arbitration. We sustain the second assignment of error and remand for further proceedings.

{¶ 25} Judgment reversed and case remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recovers from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

[1]   We note that while Ohio Bell argued in its brief in opposition to the Electric Company's second motion to compel that the trial court lacked subject matter jurisdiction over claims that may fall within the exclusive jurisdiction of the Public Utilities Commission of Ohio, the issue is not before us on appeal.   Nor did Ohio Bell ever file a motion to dismiss on these grounds.   And although this court has the authority to address the issue of subject matter jurisdiction sua sponte, we

MARY J. BOYLE, PRESIDING JUDGE

JAMES J.    SWEENEY, J., CONCURS;
LARRY A.    JONES, J., DISSENTS WITH SEPARATE OPINION


LARRY A. JONES, J., DISSENTING:

{¶ 26} Respectfully, I dissent and would affirm the trial court's judgment granting Ohio Bell's motion to stay proceedings pending arbitration.

{¶ 27} The majority finds that *Rock v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1992), 79 Ohio App.3d 126, 606 N.E.2d 1054, relied on by the trial court, is factually distinguishable from this case.   In *Rock*, prior to a court action being initiated by a client of Merrill Lynch, a Merrill Lynch representative informed the client that an arbitration agreement between the two could not be located and the client could, therefore, pursue his claims through litigation.   The client sued Merrill Lynch for negligence, fraud, breach of contract, and breach of fiduciary duties arising from sale of securities.   Merrill Lynch answered the complaint and raised lack of subject matter jurisdiction as an affirmative defense.

{¶ 28} Nineteen days after the client filed his action, Merrill Lynch sent the client a copy of an arbitration agreement that the two had entered into and requested the client to pursue arbitration.   The client contended that Merrill Lynch was estopped from

_____

are unable to make a determination based on the limited record before us.

compelling arbitration because it had previously represented that the parties had not agreed to arbitration. This court disagreed, finding that the client had not demonstrated that he was prejudiced by the 19-day delay in Merrill Lynch asserting its right to arbitration, and noting that preparing for a lawsuit is substantially the same as preparing for arbitration.

{¶ 29} The client further contended that Merrill Lynch waived its right to arbitration by not raising it as an affirmative defense in its answer. This court again disagreed with the client, finding that because Merrill Lynch raised the court's lack of subject matter jurisdiction as an affirmative defense in its answer and filed a motion to dismiss or stay the action, it adequately preserved its right to arbitration. This court noted, however, that the "better practice would be to explicitly plead the right to arbitration." Id. at 128.

{¶ 30} The majority finds this case and *Rock* distinguishable, noting that there was only a 19-day delay in *Rock* as opposed to over a year delay here. The majority also notes that in the year before Ohio Bell requested arbitration, it engaged in discovery and motion practices; these are additional factors that the majority relies on for its finding of waiver. The majority, therefore, finds that the trial court "unreasonably concluded that Ohio Bell did not waive its right to arbitrate based on the totality of the circumstances."

{¶ 31} As the majority correctly notes, the question of whether a party has waived its right to arbitration is generally fact-driven, and an appellate court will not disturb the trial court's decision on the issue absent an abuse of discretion. See *Featherstone v.*

*Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 159 Ohio App.3d 27, 2004-Ohio-5953, 822 N.E.2d 841, ¶10.

{¶ 32} To concur with the majority that the trial court abused its discretion, I would have to find that the trial court's decision was "so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias." *Nakoff v. Fairview Gen. Hosp.* (1996), 75 Ohio St.3d 254, 256, 662 N.E.2d 1. I do not find that.

{¶ 33} In finding that Ohio Bell waived arbitration, the majority focuses on Ohio Bell's "extensive delay" in filing its motion to stay arbitration. I would focus on the "totality of the circumstances," of which delay is just one factor. The other factors, as acknowledged by this court in *Phillips v. Lee Homes, Inc.* (Feb. 17, 1994), Cuyahoga App. No. 64353, are (1) "the extent of the requesting party's participation in the litigation prior to its filing a motion to stay the judicial proceeding, including a determination of the status of discovery, dispositive motions, and the trial date"; (2) "whether the requesting party invoked the jurisdiction of the court by filing a counterclaim or third-party complaint without asking for a stay of the proceedings"; and (3) "whether the non-requesting party has been prejudiced by the requesting party's inconsistent acts."

{¶ 34} Ohio Bell initiated this case as a tort action. This court has previously held that the filing of a complaint for money damages does not preclude arbitration of a counterclaim. *U.S. Bank, N.A. v. Wilkens*, Cuyahoga App. No. 93088, 2010-Ohio-262,

¶24. Ohio Bell raised lack of subject matter jurisdiction in its reply to the Cleveland Electric Illuminating Company's amended counterclaim which, as previously noted, is sufficient to preserve a party's right to arbitration. See *Rock*, supra. Further, although Ohio Bell did participate in discovery, I would not find that fatal to its motion to stay for arbitration. See *U.S. Bank* at ¶40; *Milling Away LLC v. UGP Property LLC*, Cuyahoga App. No. 95751, 2011-Ohio-1103, ¶15. The record here demonstrates that Ohio Bell litigated its tort action to settlement. The Joint Pole Agreement, in which the arbitration clause was contained, only became an issue under the Illuminating Company's counterclaim.

{¶ 35} To that end, I would also find that allowing the parties to proceed to arbitration would not prejudice the Illuminating Company. The two years of litigation up to the settlement of the original action did not involve rights that the Illuminating Company now seeks to enforce under the Joint Pole Agreement.

{¶ 36} The trial court issued a detailed three-paged entry in ruling on Ohio Bell's motion. In its entry, it considered both the delay and discovery that had occurred. Nonetheless, the trial court determined that the matter should proceed to arbitration because of the mandatory language of the parties' agreement. Based on the totality of the circumstances, I do not find the trial court's decision to be an abuse of its discretion and, therefore, would uphold its judgment granting Ohio Bell's motion to stay proceedings pending arbitration.

{¶ 37} Accordingly, I dissent.