[Cite as *Lovano v. Setjo, L.L.C.*, 2023-Ohio-461.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

KRISTINE M. LOVANO, ET AL.,          :

    Plaintiffs-Appellees,          :

                    No. 111666

    v.          :

SETJO, LLC DBA KIA OF BEDFORD,          :

    Defendant-Appellant.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 16, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-21-954481

---

### *Appearances:*

Law Office of Marc G. Doumbas, LLC, and Mark G. Doumbas, *for appellees.*

Sonkin & Koberna, LLC, Mark R. Koberna, and Sean T. Koran, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Setjo, LLC d.b.a. Kia of Bedford ("Setjo"), appeals the trial court's decision denying its motion to dismiss the complaint or, in

the alternative, motion to stay and compel arbitration. For the reasons that follow, this court affirms the trial court's decision.

## I. Factual History and Procedural Background

{¶ 2} In October 2021, Kristine and Nicholas Lovano ("the Lovanos") filed a complaint against Setjo for unfair and deceptive acts in selling and arranging financing for their 2019 purchase of a 2017 Kia Soul. They alleged that Setjo overcharged for the vehicle, made false disclosures on the purchase and financing documents regarding the amounts paid and owed, and included an unwarranted warranty on the transaction.

{¶ 3} The Lovanos acknowledged in their complaint that the retail installment sales contract ("contract") that they entered into contained an arbitration clause to resolve any disputes pertaining to the contract. The complaint provided that in accordance with that provision, the Lovanos filed their arbitration claim on May 26, 2021, with the American Arbitration Association ("AAA"), bearing Case Number 01-21-0004-0771, *Kristine Lovano v. Setjo, LLC dba Kia of Bedford*. The complaint alleged that Setjo failed to comply with the rules for consumer arbitration because it did not pay the requisite arbitration fees, causing AAA on September 20, 2021, to administratively close the case. Attached to the complaint was a copy of the AAA letter supporting this allegation.

{¶ 4} On April 13, 2022, Setjo moved to dismiss the complaint or, in the alternative, moved to stay the proceedings and compel arbitration, contending that the dispute alleged by the Lovanos was encompassed by the arbitration agreement

and subject to binding arbitration. Setjo admitted that the AAA declined to administer the arbitration because it did not pay the case processing fee, but explained in a footnote that its nonpayment was because "management was unaware of the invoice for the case processing fee, not because [it] did not wish to arbitrate this matter with AAA." Accordingly, Setjo contended that it did not waive its right to arbitrate because even though the AAA declined to administer the arbitration, it believed that the agreement allowed for arbitration to proceed before JAMS or another arbitrator selected by the parties or the court. Finally, Setjo maintained that under the totality of the circumstances, it did not act inconsistently with its right to arbitrate. In support of its motion, Setjo attached only a copy of the contact containing the arbitration agreement.

{¶ 5} On April 27, 2022, the Lovanos opposed Setjo's motion to stay and compel arbitration, contending that (1) Setjo waived its right to arbitrate by acting inconsistently with its right when it defaulted under the agreement and the AAA provisions by not paying the requisite fee; and (2) arbitration had already "been had" pursuant to the agreement and R.C. 2711.02(B). The Lovanos supported their opposition with a copy of the arbitration demand letter and claim filed with the AAA, and the five notices issued by the AAA to the parties. Each supporting document indicated that it was sent to Setjo at its business address as listed on the contract.

{¶ 6} On May 4, 2022, appellant filed "for leave to file reply to [the Lovanos'] brief in opposition to [appellant's] motion to dismiss or, in the alternative motion to stay and to compel arbitration, instanter." In its reply, Setjo contended

that its management "was completely unaware [the] AAA was attempting to administer arbitration proceedings between the parties," and thus, it "could not have knowingly waived its right to arbitrate this matter." Although it acknowledged receiving the May 29, 2021 letter from the Lovanos' attorney that included a copy of the demand for arbitration submitted to the AAA, as well as communicating with the Lovanos' attorney, Setjo argued that it assumed that the Lovanos were no longer pursuing the matter when it did not hear from or receive any further communications from either the Lovanos' attorney or the AAA. In support, Setjo attached affidavits from Casey Savelli, who averred that she handles all correspondence for Setjo regarding legal matters; Kevin Chernikoff, an owner of Setjo who averred that he takes the most active role in legal matters for the company; and Sean Koran, legal counsel for Setjo. The affidavits set forth each person's involvement with the Lovanos' arbitration request, receipt of documentation, and communication with the Lovanos' attorney.

{¶ 7} On June 6, 2022, the Lovanos filed a "motion for leave [to] file surreply instanter and motion to strike [Setjo's] reply." They maintained that Setjo had actual knowledge of their arbitration demand based on Setjo's own acknowledgement that it had received their counsel's May 29, 2021 letter, which identified the AAA case number assigned to the matter, and included as enclosures a copy of the demand for arbitration submitted to the AAA, the claim, and the contract. In support, the Lovanos attached a copy of the May 29, 2021 letter.

{¶ 8} The trial court did not rule on the parties' respective motions for leave but summarily denied Setjo's motion to dismiss the complaint, or in the alternative, stay the proceedings and compel arbitration.

## II. The Appeal

{¶ 9} Setjo now appeals, raising as its sole assignment of error that the trial court erred by denying its motion to stay the proceedings and compel arbitration.

### A. Motion for Leave

{¶ 10} As an initial matter, this court must discuss whether it is appropriate for this court to consider the parties' reply and surreply briefs filed with the trial court and the supporting documentation attached to each motion. Both parties sought leave of court to file a reply and surreply brief, in accordance with former Loc.R. 11.0(D) of the Court of Common Pleas of Cuyahoga County, General Division, which provided that "reply or additional briefs upon motions and submissions may be filed with leave of court only upon showing of good cause." However, the court repealed this local rule on June 1, 2021 — prior to the commencement of litigation. Nevertheless, the trial judge assigned to this case maintains a litigation preference regarding motion practice that "movants are not to file reply briefs without prior court approval." According to the judge's standing order, the parties were required to receive leave of court prior to filing their respective reply and surreply briefs.

{¶ 11} In this case, the trial court did not rule on these motions for leave prior to ruling on Setjo's motion to dismiss. We note that the docket shows a notation that the parties' respective leave requests were deemed "moot" on June 22,

2022 — the day the court denied Setjo's motion to dismiss. We are cognizant, however, that a court only speaks through its journal. *See, e.g., State ex rel. Worcester v. Donnellon*, 49 Ohio St.3d 117, 118, 551 N.E.2d 183 (1990) (in Ohio a court speaks through its journal).

{¶ 12} In this case, the trial court did not enter a judgment entry denying these motions but it is well-settled that that a motion not ruled upon is implicitly deemed denied. *Hignite v. Glick, Layman & Assocs.*, 8th Dist. Cuyahoga No. 95782, 2011-Ohio-1698, ¶ 6, citing *Fitworks Holdings, L.L.C. v. Pitchford*, 8th Dist. Cuyahoga No. 88634, 2007-Ohio-2517. Once the trial court entered a denial of Setjo's motion to stay and compel arbitration, the trial court's judgment became final and appealable, and the motions for leave were implicitly deemed denied.[1]

{¶ 13} "'[W]here * * * leave of court is a prerequisite to the filing of a [document], such [document] cannot be deemed to be filed until such leave is granted by the court, even though the [document] is tendered with the motion [for] leave and, in a sense, filed therewith.'" *Hunter v. Shield*, 10th Dist. Franklin No. 18AP-244, 2019-Ohio-1422, ¶ 26, quoting *K.R.D. Hamilton & Assocs. Inc. v. Applied Mgt. Syss. Inc.*, 10th Dist. Franklin No. 78AP-509, 1979 Ohio App. LEXIS 12350 (Mar. 20, 1979); *accord Angles v. Dollar Tree Stores, Inc.*, 494 Fed.Appx. 326, 329 (4th Cir.2012) (under the federal rules an amended complaint is not actually "filed" until the court grants "leave" for the amendment); *Moore v. Indiana*, 999 F.2d 1125,

---

[1] R.C. 2711.02(C) provides that an order that grants or denies a stay of proceedings based upon arbitration is a final order subject to appeal.

1131 (7th Cir.1993) (holding that an amended complaint is not technically filed until the trial court grants the motion for leave).

{¶ 14} Accordingly, because the trial court did not grant the parties' motions for leave, the reply and surreply including supporting documentation, could not be deemed filed; thus, cannot be considered by this court.[2]

## B. Merits of the Appeal

{¶ 15} It is undisputed that the parties executed a contract that contained an arbitration clause and that the Lovanos initiated arbitration proceedings in accordance with the agreement. Accordingly, there is no dispute that the parties agreed to submit this matter to arbitration. The issue before this court is whether Setjo waived its right to arbitrate after being advised that the Lovanos filed a demand with the AAA and when it did not pay the required arbitration fee.

{¶ 16} Like any other contractual right, the right to arbitration may be waived. *Milling Away L.L.C. v. UGP Properties L.L.C.*, 8th Dist. Cuyahoga No. 95751, 2011-Ohio-1103, ¶ 8, citing *Rock v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 79 Ohio App.3d 126, 128, 606 N.E.2d 1054 (8th Dist.1992). But in light of Ohio's strong policy in favor of arbitration, waiver of the right to arbitrate is not to be lightly inferred. *Id.* A party asserting waiver must prove the waiving party (1) knew of the existing right to arbitrate; and (2) acted inconsistently with that right. *Id.*, citing *Checksmart v. Morgan*, 8th Dist. Cuyahoga No. 80856, 2003-Ohio-163,

---

[2] Setjo has not assigned any error challenging the trial court's treatment of its motion for leave to file a reply brief in support of its motion to stay and compel arbitration.

¶ 22. The question is whether, based upon the totality of the circumstances, the party seeking arbitration has acted inconsistently with the right to arbitrate. *Gembarski v. PartsSource, Inc.*, 157 Ohio St.3d 255, 2019-Ohio-3231, 134 N.E.3d 1175, ¶ 25.

{¶ 17} The question of waiver is usually a fact-driven issue, and an appellate court will not reverse the trial court's decision absent a showing of abuse of discretion. *Featherstone v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 159 Ohio App.3d 27, 2004-Ohio-5953, 822 N.E.2d 841, ¶ 10 (9th Dist.). A court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 18} In this case, there can be no dispute that Setjo knew of the existing right to arbitrate. The subject arbitration agreement is part of the contract that Setjo unilaterally prepares and presents to its customer in its sale and financing of motor vehicles. Accordingly, Setjo was well aware that any dispute regarding the transaction was covered by the arbitration agreement. Specific to this case, Setjo did not deny that it was aware of the arbitration demand filed by the Lovanos.

{¶ 19} Even if this court considered the arguments Setjo set forth in its reply brief, it acknowledged that it received the May 29, 2021 letter from the Lovanos' attorney notifying Setjo that his clients submitted a demand for arbitration with the AAA. The letter referenced the AAA case number assigned to the arbitration demand. More importantly, the letter included enclosures consisting of (1) a demand for arbitration; (2) claim by the Lovanos; and (3) the retail installment sales

contract. Moreover, Setjo further admitted that it had communicated with the Lovanos' attorney subsequent to receiving the May 29, 2021 letter. Accordingly, by Setjo's own admission, it was aware that the Lovanos initiated arbitration proceedings. Whether Setjo received or did not receive subsequent documentation from the AAA or communication from the Lovanos' attorney did not excuse Setjo from its duty to follow up on the matter. Accordingly, the record supports that Setjo knew of the existing right to arbitrate.

{¶ 20} The next issue to consider is whether Setjo acted inconsistently with its right to arbitrate. A court may look to certain factors in making this determination. Those factors typically look at the conduct of the arbitration-seeking party to determine whether that party acted inconsistently during litigation with its right to arbitration. *See U.S. Bank, N.A. v. Wilkens*, 8th Dist. Cuyahoga No. 93088, 2010-Ohio-262, ¶ 31, citing *Phillips v. Lee Homes, Inc.*, 8th Dist. Cuyahoga No. 64353, 1994 Ohio App. LEXIS 596 (Feb. 17, 1994) (those factors may include whether that party invoked the jurisdiction of the trial court by filing a complaint, counterclaim, or third-party complaint without asking for a stay of proceedings; the delay in requesting a stay of proceedings or an order compelling arbitration; and the extent of participation in the litigation). None of these litigation-based-conduct factors apply in this situation because Setjo's inconsistent conduct occurred prior to the Lovanos filing their complaint with the trial court — Setjo failed to pay its obligated fee to the AAA for it to administer arbitration.

{¶ 21} Setjo does not dispute that the AAA declined to administer the arbitration due to its nonpayment, but maintains on appeal that it was unaware of the arbitration proceedings. Setjo did not make any such assertion in its motion to stay proceedings and compel arbitration — this assertion was made in its reply brief and again on appeal. In fact, in its initial motion, Setjo did not deny that it knew of the arbitration proceedings, nor did it present any justification or explanation as to why it did not comply with the Lovanos' arbitration demand. Rather, Setjo's only comment about the Lovanos' demand for arbitration can be found in a footnote stating that "management was unaware of the invoice for the case processing fee, not because [it] did not wish to arbitrate this matter with AAA." Accordingly, for this reason alone, we could find that Setjo acted inconsistently with its known right to arbitrate and that the trial court acted within its discretion when it denied Setjo's motion to stay the proceedings and compel arbitration.

{¶ 22} R.C. 2711.02(B), modeled on the Federal Arbitration Act, 9 U.S.C. 1, et seq., provides that a court shall say an action provided that the applicant for the stay is not in default of the proceeding with arbitration. Federal courts interpreting the analogous section in 9 U.S.C. 3 have held that the failure to pay the requisite arbitration fees is an act inconsistent with a party's assertion of its right to arbitrate. *See, e.g., Pre-Paid Legal Servs. v. Cahill*, 786 F.3d 1287 (10th Cir.2015) (failure to pay arbitration fees constitutes a "default" under Section 3 of Chapter 9 of the Federal Arbitration Act); s*ee also Fayette Drywall, Inc. v. Oettinger*, 2020-Ohio-6641, 164 N.E.3d 556 (2d Dist.) (no abuse of discretion in finding party waived right

to arbitrate, in part, by not filing the requisite fee).  Accordingly, Setjo's failure to pay its share of the arbitration fee is inconsistent with this right to arbitrate.

{¶ 23} Prejudice to the non-arbitration-seeking party may also be considered in finding that a party acted inconsistent with its right to arbitrate. *See Wilkens* at *id*. (prejudice to the non-party due to the arbitration-seeking party's prior inconsistent actions is a factor in deciding waiver).  The Lovanos complied with the arbitration provision expressly set forth in Setjo's contract by pursuing arbitration with the AAA and paying their portion of the arbitration fees.  This demand was pursued in May 2021.  After five months of waiting for Setjo to comply with the terms of its own arbitration agreement, the AAA declined to administer arbitration because of Setjo's own actions or inactions.  The Lovanos then filed a lawsuit against Setjo in October 2021 — only to wait until April 2022 for Setjo to decide to seek arbitration.  Setjo's conduct is inconsistent with its right to arbitrate, and the delay could be prejudicial.

{¶ 24} Based on the record before this court and the limited arguments considered on appeal due to the unique procedural issue, we find that the trial court did not abuse its discretion when it denied Setjo's motion to stay the proceedings and compel arbitration.  The assignment of error is overruled.

{¶ 25} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
MARY EILEEN KILBANE, J., CONCUR