**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-2215

JACQUELINE QUINN,

Plaintiff - Appellant,

versus

DEBBIE WATSON, Deli Manager for Publix
Supermarket; PUBLIX SUPERMARKET, INCORPORATED,

Defendants - Appellees.

Appeal from the United States District Court for the Western
District of North Carolina, at Asheville.  Lacy H. Thornburg,
District Judge.  (CA-04-104-1)

Submitted:  December 8, 2004          Decided:  January 14, 2005

Before WILKINSON, GREGORY, and DUNCAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Jacqueline Quinn, Appellant Pro Se.  Edmund Joseph McKenna, FORD &
HARRISON, Tampa, Florida, for Appellee Publix Supermarket, Inc.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Jacqueline Quinn appeals the district court's order denying relief on her 42 U.S.C. §§ 2000e to 2000e-17 (2000) ("Title VII") complaint. On August 26, 2004, the district court dismissed Quinn's complaint on jurisdictional grounds. The court, adopting the reasoning set forth in Defendants's motion to dismiss, determined that it did not have jurisdiction to hear the case pursuant to 42 U.S.C. § 2000e-5(f)(3), Title VII's venue-laying provision. When a plaintiff files an action in the wrong venue, however, 28 U.S.C. § 1406(a) (2000) directs courts to "dismiss, or if it be in the interest of justice, transfer such case" to the proper venue. Because the record does not reflect such a determination,[*] we remand this case for a determination of whether a transfer to an appropriate jurisdiction would be in the interest of justice.

Accordingly, we vacate the order of the district court and remand the case for further consideration in light of this

---

[*]We note that Quinn would now be time-barred from initiating a new action. A Title VII action must be brought within 90 days of receipt of a right-to-sue letter issued by the Equal Employment Opportunity Commission. See § 2000e-5(f)(1). In instances where a complaint is timely filed and later dismissed, the timely filing of the complaint does not "toll" or suspend the ninety-day limitations period. See Minette v. Time Warner, 997 F.2d 1023, 1026-27 (2d Cir. 1993) (citing Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992); Brown v. Hartshorne Pub. Sch. Dist. No. 1, 926 F.2d 959, 961 (10th Cir. 1991) (holding that limitations period was not tolled during pendency of dismissed action)). Thus, even construing the district court's order as a dismissal without prejudice will not benefit Quinn.

opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED
