Affirmed by unpublished opinion. Judge SHEDD wrote the majority opinion, in which Judge DIAZ joined. Judge DAVIS wrote a dissenting opinion.
Unpublished opinions are not binding precedent in this circuit.
SHEDD, Circuit Judge:
Paula Angles and other named plaintiffs (collectively “the Plaintiffs”) in this proposed class action appeal the dismissal of their complaint as untimely. For the following reasons, we affirm.
I.
In 2008, the Plaintiffs filed an action against Dollar Tree Stores in the Northern District of Alabama alleging claims under the Equal Pay Act. Collins v. Dollar Tree Stores, Inc., 2:08-cv-1267 (Collins I).[1] Collins I is a collective class action alleging that Dollar Tree paid female managers less than their male counterparts. As part of the action, notices were sent to other female Dollar Tree store managers employed between 2006 and 2009. At the time Collins I commenced, 31 of the 34 named plaintiffs had discrimination charges pending with the Equal Employment Opportunity Commission (EEOC).[2] The EEOC sent right-to-sue letters to those named plaintiffs between November 6, 2008 and April 24, 2009.
On February 4, 2009, 90 days after the first right-to-sue letters were mailed, the Plaintiffs moved pursuant to Federal Rule of Civil Procedure 15 to amend their complaint in Collins I to add sex discrimination claims under Title VII. Dollar Tree opposed the proposed amendment, arguing that proper venue for the Title VII claims was in Virginia, not Alabama.[3] On Febru *328 ary 20, 2009, the Plaintiffs filed a pleading labeled “Consent to Severance and Reassignment of Title VII Claims,” requesting that the Alabama district court sever the Title VII claims and assign them to another judge. The Plaintiffs noted that they moved to sever and reassign the Title VII claims rather than simply file a new complaint because “the defendant may then argue that the ninety day limitations period ... expired before such re-filing.” (J.A. 254). Thus, “[i]n order to avoid such a risk,” the Plaintiffs “consent only to the Title VII claims at issue being severed and reassigned a new case number and judge.” (J.A. 254).
On June 17, the Alabama district court held a hearing on the motion for leave to amend, noting that it was inclined to deny the motion as futile because venue was improper. The district court also noted that the motion for “Consent” was improper because, “[tjhere’s nothing for you to consent to unless I amend, unless I grant your motion for leave to amend, which, again, I’m inclined to deny.” (J.A. 263). Failing to recognize the Alabama district court’s signal about their need to file in the proper district, on July 9, the Plaintiffs filed another motion to amend the complaint. At this point, only 76 days had passed since the EEOC issued the April 24 right-to-sue letters.
On September 30, 2009, the Alabama district court denied the first motion for leave to amend as moot and the second motion for leave to amend as futile because of improper venue. The next day, the Plaintiffs filed a new complaint in the Eastern District of Virginia stating the same Title VII claims previously included in the proposed amended complaint in Collins I. Because the action was filed outside of Title VII’s 90-day limitations period, the district court dismissed the complaint as untimely filed. In doing so, the court rejected the Plaintiffs’ argument that moving to amend their complaint in Collins I tolled Title VII’s statute of limitations and noted that the case was not one that “turns on a plaintiff missing the filing deadline by a few days.” (J.A. 508). The Plaintiffs filed a Rule 59(e) motion to alter or amend the order, which the district court denied. The Plaintiffs then filed this appeal.
II.
On appeal, the Plaintiffs argue that the district court erred in finding that their Title VII claims are time-barred. We review the district court’s 12(b)(6) dismissal de novo, Coleman v. Maryland Court of Appeals, 626 F.3d 187, 190 (4th Cir.2010), and its denial of a Rule 59(e) motion for abuse of discretion, Orem v. Rephann, 523 F.3d 442, 451 n. 2 (4th Cir.2008).
A.
At the outset, we note that the Plaintiffs do not dispute that their complaint was filed well outside the relevant limitations period. Title VII requires that aggrieved persons file a civil action within 90 days of receiving a right-to-sue letter. 42 U.S.C. § 20 OOe — 5 (f) (1). The last right-to-sue letters were issued on April 24, 2009, and the Plaintiffs’ complaint was not filed until October 1, more than 150 days later.
In the face of the clear untimeliness of this action, the Plaintiffs contend that the filing of the motion for leave to file an amended complaint in Alabama tolls the statute of limitations in this case. We disagree. Federal Rule of Civil Procedure 15 governs the amendment of pleadings and, in pertinent part, it provides that “a party may amend its pleading only with the opposing party’s written consent or the court’s leave.” Fed.R.Civ.P. 15(a)(2).[4] *329 Under Rule 15, however, an amended complaint is not actually “filed” until the court grants “leave” for the amendment. Murray v. Archambo, 182 F.3d 609, 612 (10th Cir.1998) (noting “an amendment that has been filed or served without leave of court ... is without legal effect”). For instance, in Bridges v. Department of Maryland State Police, 441 F.3d 197 (4th Cir.2006), the original plaintiffs moved to amend their complaint to add 18 individual would-be plaintiffs. The district court denied the motion to amend, concluding that the 18 would-be plaintiffs’ claims were time barred. The would-be plaintiffs appealed the denial of the motion to amend, and we concluded that they lacked standing to appeal because, with the motion to amend denied, they “never became parties to the action.” Bridges, 441 F.3d at 207.
The Fifth Circuit has explained the operation of Rule 15 in this situation as follows:
[Flailing to request leave from the court when leave is required makes a pleading more than technically deficient. The failure to obtain leave results in an amended complaint having no legal effect. Without legal effect, it cannot toll the statute of limitations period.
U.S. ex rel. Mathews v. HealthSouth Corp., 332 F.3d 293, 296 (5th Cir.2003) (emphasis added).
In HealthSouth, the plaintiff, Mathews, filed an action against his former employer under the False Claims Act on April 1, 1999. Without leave of the court, he filed an amended complaint on August 2, adding state law claims for, inter alia, age discrimination. The clerk of court issued Mathews a deficiency notice for failing to seek leave to file the amended complaint, and on August 9, he complied with Rule 15(a) and requested leave to file the amended complaint, which the district court granted the same day. The statute of limitations on the age discrimination claim ran on August 4, 1999. The district court ultimately dismissed the age discrimination claim as time-barred even though the claim was timely when the plaintiff first filed the amended complaint. On appeal, the plaintiff contended that, under Rule 3 and Rule 5, the age discrimination claim was timely “filed” on August 2 when he filed the amended complaint. The Fifth Circuit disagreed, explaining that “[u]nder Rule 15(a), [the plaintiff] needed permission before his amended complaint could be filed, which he did not have on August 2.” Id. at 296. Without this permission, the filing had “no legal effect” and “cannot toll the statute of limitations period.” Id. The Fifth Circuit further noted that, while Rule 5 would deem a technically deficient pleading “filed,” because, “[a]s the more specific rule with respect to amended pleadings, Rule 15(a), not Rule 5[] governs.” Id.
Likewise, in this case, although the Title VII claims were timely when the Plaintiffs moved for leave to file the amended complaint, the motion for leave was never granted. The amended complaint was thus never filed and lacks the ability to toll the limitations period. This conclusion is consistent with the general rule that a Title VII complaint that has been filed but then dismissed without prejudice does not toll the 90-day limitations period. See, e.g., O’Donnell v. Vencor Inc., 466 F.3d 1104, 1111 (9th Cir.2006) (“In instances where a complaint is timely filed and later dismissed, the timely filing of the corn- *330 plaint does not toll or suspend the 90-day limitations period.” (internal quotation marks omitted)); Simons v. Sw. PetroChem, Inc., 28 F.3d 1029, 1030-81 (10th Cir.1994) (same).[5] As the Seventh Circuit has explained — outside the Title VII context — “if the suit is dismissed without prejudice, meaning that it can be refiled, then the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing.” Elmore v. Henderson, 227 F.3d 1009, 1011 (7th Cir.2000).
B.
The Plaintiffs emphasize several lines of cases in an effort to avoid this result.[6] First, the Plaintiffs correctly note that courts have generally concluded that when a motion for leave to amend is later granted, the amended complaint is deemed timely even if the court’s permission is granted after the limitations period ends. This rule has been explained as follows:
As a party has no control over when a court renders its decision regarding the proposed amended complaint, the submission of a motion for leave to amend, properly accompanied by the proposed amended complaint that provides notice of the substance of those amendments, tolls the statute of limitations, even though technically the amended complaint will not be filed until the court rules on the motion.
Moore v. Indiana, 999 F.2d 1125, 1131 (7th Cir.1993). The Plaintiffs contend that this rule applies here. The Plaintiffs’ argument on this point faces several problems, however. First, in each of the cases the Plaintiffs rely on, the motion for leave to amend was granted and, as the district court explained, the timeliness of the amended complaint in such cases “stems from the confluence of the plaintiff’s timely preservation of the issue for the court’s consideration ... and the court’s inherent power to enter a nunc pro tunc order on that motion that retroactively causes the proposed amended complaint to be considered filed as of the date of the motion.” (J.A. 511 n. 3). Indeed, while several of the cases, e.g., Moore, reference “tolling,” earlier cases note that “where the petition for leave to amend ... has been filed prior to expiration of the statute of limitations, while the entry of the court order and the filing of the amended complaint have occurred after,” the “amended complaint is deemed filed within the limitations period.” Mayes v. AT & T Info. Sys., Inc., 867 F.2d 1172, 1173 (8th Cir.1989) (emphasis added).[7] The Plaintiffs’ amended complaint cannot be “deemed filed” in a timely fashion because it was never accepted by the district court. Moreover, none of these cases suggests that denying a motion to file an amended complaint in an earlier action in another jurisdiction tolls the statute of limitations for a newly-filed action.[8]
*331 Second, the Plaintiffs rely on Crown, Cork & Seal Co. v. Parker, 462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983), and American Pipe & Construction Co. v. Utah, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974). In those cases, the Supreme Court held that during the pen-dency of a class certification, the statute of limitations on any individuals’ claims that would be covered by the proposed class is tolled.[9] The Plaintiffs failed to make this argument until their motion for reconsideration in the district court, and “Rule 59(e) motions may not be used ... to raise arguments which could have been raised prior to the issuance of the judgment.” Pac. Ins. Co. v. Am. Nat’l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir.1998). Regardless, we believe this argument is without merit. American Pipe/Crown, Cork & Seal tolling applies when a class action is commenced by the filing of a complaint and tolls an individual’s statute of limitations, not the statute of limitations for the proposed class.[10] Bridges, 441 F.3d at 210 (noting that, under American Pipe/Crown, Cork & Seal, “all class members’ claims are tolled at the time the class action is filed, regardless of whether the members eventually intervened or filed new actions”). Under this rule, “[o]nce the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied.” Crown, Cork & Seal, 462 U.S. at 354, 103 S.Ct. 2392. The basis for tolling in those cases was the successful operation of Rule 23 and the need to avoid the filing of a multiplicity of suits by thousands of plaintiffs in a putative class action. Id. at 349-51, 103 S.Ct. 2392. That concern is absent in this case. Moreover, as previously discussed, the Title VII claims in this case were never “filed,” because the Alabama district court denied the motion for leave to file the amended complaint. Even assuming American Pipe/Crown, Cork & Seal applied to a separate class action in a different venue, the rule still requires the actual filing of an action in the first instance, which never occurred in this case with respect to the Title VII claims.
Accordingly, we find that neither the Rule 15 cases the Plaintiffs rely on — which are more properly characterized as dealing with nunc pro tunc power than tolling— nor American Pipe/Crown, Cork & Seal provide relief for the untimely filing of the Plaintiffs’ complaint.
*332 C.
The Plaintiffs contend in the alternative that the statute of limitations should be equitably tolled in this case. Equitable tolling is a narrow exception to statutes of limitations and is appropriate “where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action.” English v. Pabst Brewing Co., 828 F.2d 1047, 1049 (4th Cir.1987). The doctrine operates to keep defendants from engaging in “misconduct that prevents the plaintiff from filing his or her claim on time.” Id. In contrast, equitable tolling is not appropriate in eases where “the claimant failed to exercise due diligence in preserving his legal rights.” Irwin v. Dep’t of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). We review the district court’s denial of equitable tolling for abuse- of discretion. Chao v. Virginia Dep’t of Transp., 291 F.3d 276, 279-80 (4th Cir.2002).
Having reviewed the record, we agree with the district court that equitable tolling is inappropriate in this case, and we certainly can discern no abuse of discretion in that decision. Our easelaw on equitable tolling has consistently focused on external factors hampering the ability to file a timely claim, and no such factor is present in this case. See e.g., Williams v. Giant Food Inc., 370 F.3d 423, 430 n. 4 (4th Cir.2004) (quoting Kokotis v. United States Postal Serv., 223 F.3d 275, 280 (4th Cir.2000) (noting equitable tolling “is not appropriate, here, because [the plaintiff] did not allege that [the defendant] deceived or misled her ... ‘in order to conceal the existence of a cause of action.’ ”)).
The Plaintiffs rely heavily on Burnett v. New York Central Railroad Co., 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965), but, like the district court, we believe that case is inapposite. In Burnett, the plaintiff timely filed an action under the Federal Employers’ Liability Act (FELA) in an Ohio state court. Id. at 424, 85 S.Ct. 1050. The state court dismissed the action for improper venue, and the plaintiff state action was timely filed, but the federal action was not. Id. at 426, 85 S.Ct. 1050. The Court held that equitable tolling was appropriate because “when a plaintiff begins a timely FELA action in state court having jurisdiction, and serves the defendant with process and plaintiffs case is dismissed for improper venue, the FELA limitation is tolled during the pendency of the state suit.” Id. at 434-35, 85 S.Ct. 1050. The Court found it significant that the plaintiff “did not sleep on his rights” but timely filed an action in state court, that service of process was made, that Ohio permitted waiver of venue objections, and that the defendant railroad itself had previously waived improper venue. Id. at 429, 85 S.Ct. 1050. As the district court properly noted, however, there are “key factual and procedural distinctions” between Burnett and this case, namely that “unlike in Burnett, no timely Title VII action was ever actually commenced” because the motion to amend was never granted. (J.A. 516).
In affirming the district court’s conclusion on equitable tolling, we emphasize that the Plaintiffs had two avenues available to ensure that their rights were vindicated in this litigation. First, to the extent the Plaintiffs believe the district court in Alabama committed legal error in denying the motion to amend, they could have appealed that decision to the Eleventh Circuit. The Plaintiffs are asking us to equitably toll the statute of limitations, not because they were misled by Dollar Tree, or provided inaccurate information by the EEOC, but because of an unfavorable judicial decision — a decision that they have not appealed. Second, the Plaintiffs could have protected themselves by timely filing an action in the Eastern District of Virginia — an option still available at the time the district court indicated that it was *333 likely to reject the motion for leave to amend. The Plaintiffs declined to do so even though, in their own motion for “Consent to Sever,” they recognized the potential statute of limitations problems. As the district court explained, the “procedural details ... highlight the gamble that plaintiffs’ counsel knowingly made.... Plaintiffs’ counsel lost that gamble when [the Alabama district court] denied the motion for leave to amend.” (J.A. 519).
Accordingly, under these particular circumstances, we agree with the district court that equitable tolling was not appropriate.
III.
For the foregoing reasons, we affirm the district court’s grant of Dollar Tree’s motion to dismiss.

AFFIRMED.

.Cynthia Collins was originally the lead plaintiff in this action as well. Pursuant to a settlement agreement with Dollar Tree, she voluntarily dismissed her claims and Paula Angles became the lead plaintiff.

. Three of the named plaintiffs never filed an EEOC charge.

. Earlier, Dollar Tree had unsuccessfully moved to transfer the Equal Pay Act claims to Virginia.

. In contrast to motions to amend, the initial filing of a complaint is governed by Rule 3, which explains that "[a] civil action is commenced by filing a complaint with the court.” Fed.R.Civ.P. 3. In conjunction with Rule 3, Rule 5 provides that a "paper is filed by *329 delivering it” to “the clerk” or "a judge who agrees to accept it for filing.” Fed.R.Civ.P. 5(d)(2). Under these rules, ”[t]he original complaint [is] considered filed when ... placed in the possession of the clerk of the district court.” 4 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1153, at 471 (3d ed.2002).

. We have approved of this reasoning in several unpublished cases. See Quinn v. Watson, 119 Fed.Appx. 517, 518 n. * (4th Cir.2005) ("In instances where a complaint is timely filed and later dismissed, the timely filing of the complaint does not ‘toll’ or suspend the ninety-day limitations period.”).

. As part of this argument, in their reply brief, the Plaintiffs for the first time assert that this case is analogous to situations in which plaintiffs file a request to proceed in forma pauper-is (IFP) in conjunction with their complaint. Of course, a parly waives an argument by failing to raise it below, United States v. Evans, 404 F.3d 227, 236 n. 5 (4th Cir.2005), and by waiting to raise it until the reply brief, Cavallo v. Star Enter., 100 F.3d 1150, 1152 n. 2 (4th Cir.1996).

. This approach stems from a Fifth Circuit case that predates the Federal Rules of Civil Procedure. Rademaker v. E.D. Flynn Exp. Co., 17 F.2d 15, 17 (5th Cir.1927).

. In cases involving the relation back of an amended complaint to an "original pleading,” under Rule 15(c), courts have held that a *331 complaint in one case may not relate back to a complaint in another case to avoid the statute of limitations. Morgan Distrib. Co. v. Unidynamic Corp., 868 F.2d 992, 994 (8th Cir.1989) ("Rule 15(c) concerns amendments to pleadings. Its plain language makes clear that it applies not to the filing of a new complaint, but to the filing of an amendment’’); Bailey v. Northern Ind. Pub. Serv. Co., 910 F.2d 406, 413 (7th Cir.1990) ("Rule 15(c), by its terms, only applies to amended pleadings in the same action as the original, timely pleading.”).

. Some courts have referred to American Pipe/Crown, Cork & Seal as "legal tolling” because it "is derived from a statutory source” as opposed to the "judicially created” doctrine of equitable tolling. Arivella v. Lucent Technologies, Inc., 623 F.Supp.2d 164, 176 (D.Mass.2009). See also Joseph v. Wiles, 223 F.3d 1155, 1166-67 (10th Cir.2000) (same). We have previously referred to them as a species of equitable tolling. Bridges, 441 F.3d at 211 ("The American Pipe/Crown, Cork & Seal equitable tolling rule is a limited exception to the universal rule that statutes of limitations are impervious to equitable exceptions.”).

. Courts have consistently concluded that American Pipe/Crown, Cork & Seal do not permit class actions to toll the statute of limitations for additional classes to be stacked upon them. See Basch v. Ground Round, Inc., 139 F.3d 6, 11 (1st Cir.1998) ("Plaintiffs may not stack one class action on top of another and continue to toll the statute of limitations indefinitely.”).