## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Carissa Hammonds and**
**Daniel Hammonds,**
**Plaintiffs Below, Petitioners**

**FILED**

October 16, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)  No. 14-1338  (Wood County 12-C-591 )**

**Riverview Cemetery Association,**
**and Five Oaks Management, LLC,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioners and plaintiffs below, Carissa Hammonds and Daniel Hammonds, by counsel David M. Adkins, appeal the "Order Granting Defendants' Motion to Dismiss" entered September 15, 2014, in the Circuit Court of Wood County. Respondents and defendants below, Riverview Cemetery Association and Five Oaks Management LLC, by counsel Michael D. Crim, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On July 14, 2010, Petitioner Carissa Hammonds sustained a broken left ankle when she fell into an "uncovered man-made hole" at Riverview Cemetery in Williamstown, West Virginia, while attending her grandfather's graveside service. On July 11, 2012, petitioners filed a personal injury action against Peoples/Perdew, Inc. d/b/a Cawley & Peoples Funeral Home and d/b/a Riverview Cemetery, in the Circuit Court of Wood County.

Thereafter, Peoples/Perdew timely removed the case to the United States District Court for the Southern District of West Virginia, based upon diversity of citizenship. On August 29, 2012, Peoples/Perdew filed a motion to dismiss on the ground that it neither owns nor operates Riverview Cemetery on whose property Petitioner Carissa Hammonds alleged she was injured. By order entered November 29, 2012, Peoples/Perdew's motion to dismiss was granted, without prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(4). Petitioners did not appeal this order.

On December 18, 2012, petitioners filed the present civil action against respondents herein for the alleged injuries arising out of the July 14, 2010, incident. Thereafter, respondents

filed a motion to dismiss pursuant to West Virginia Rule of Civil Procedure 12(b)(6), alleging that petitioners' complaint was filed after the applicable two-year statute of limitations had expired.[1] In their response to respondents' motion, petitioners argued that the present action "relates back" to the initial lawsuit, which was filed prior to the expiration of the applicable statute of limitations, and that, although West Virginia Rule of Civil Procedure 15[2] concerns amended and supplemental pleadings, the circuit court should treat the present complaint as a "*de facto* Amended Complaint" to the previous complaint timely filed on July 11, 2012.

The circuit court found that petitioners "have presented no evidence or legal authority that supports their argument that the 'relation back' doctrine applies and that this December 18, 2012[,] Complaint relates back to their June 11, 2012[,] Complaint so as to avoid the running of the statute of limitations." Citing to *Angles v. Dollar Tree Stores, Inc.*, 494 Fed. Appx. 326 (4th Cir. 2012) and Rule 15(c), the circuit court concluded that "[t]he 'relation back' doctrine contained in Rule 15(c) . . . does not apply to the facts of this civil action because a complaint in one case may not relate back to a complaint in another case to avoid the statute of limitations." Concluding that the applicable statute of limitations had expired on July 14, 2012, and that petitioners' civil action was not timely filed and was, therefore, time barred, the circuit court granted respondents' motion to dismiss by order entered September 16, 2014. This appeal followed.

Our standard of reviewing the circuit court's order dismissing petitioners' civil action is de novo. *See* Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.,* 194 W.Va. 770, 461 S.E.2d 516 (1995) (holding that "[a]ppellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo.*").

---

[1] The present complaint was filed two years, four months, and twenty-five days after the date the injury occurred.

[2] West Virginia Rule of Civil Procedure 15(c) provides as follows:

(c) Relation back of amendments. - An amendment of a pleading relates back to the date of the original pleading when:
(1) relation back is permitted by the law that provides the statute of limitations applicable to the action; or
(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; or
(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing paragraph (2) is satisfied and, within the period provided by Rule 4(k) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have [been] brought against the party.

On appeal, petitioners argue that, in granting respondents' motion to dismiss, the circuit court committed plain error by ignoring the provisions of West Virginia's savings statute, West Virginia Code 55-2-18, which provides for a one-year extension of the statute of limitations if, as in this case, "the initial pleading was timely filed" and "the action was involuntarily dismissed for any reason not based upon the merits of the action."[3] In the present case, petitioners argue that they timely filed the initial complaint on June 11, 2012. After removal to federal court, the case was thereafter dismissed by order entered November 29, 2012, under Rule 12(b)(4). The subsequent complaint was filed on December 18, 2012, well within one year from the date of the dismissal order; thus, petitioners contend, West Virginia Code 55-2-18 should have been applied to save their cause of action. *See Employers Fire Ins. Co. v. Biser*, 161 W.Va. 493, 498, 242 S.E.2d 708, 711 (1978) (stating that West Virginia Code 55-2-18 "is designed to remedy the harsh effect of the statute of limitations and to save a cause of action which is otherwise barred . . . it is to be liberally construed").

Upon careful review of the record, we find that petitioners failed to raise the applicability of the savings statute before the circuit court and, indeed, raise the issue for the first time on appeal to this Court. As we have repeatedly stated, "[o]ur general rule in this regard is that, when nonjurisdictional questions have not been decided at the trial court level and are then first raised before this Court, they will not be considered on appeal." *Whitlow v. Bd. of Educ. of Kanawha Cnty.,* 190 W.Va. 223, 226, 438 S.E.2d 15, 18 (1993). *See Kronjaeger v. Buckeye Union Ins. Co.*, 200 W.Va. 570, 585, 490 S.E.2d 657, 672 (1997); *Barney v. Auvil*, 195 W.Va. 733, 742, 466 S.E.2d 801, 810 (1995). We, therefore, decline to address the issue in this appeal.[4]

Petitioners also contend that the circuit court erred in granting respondents' motion to dismiss based upon *Angles*, *supra*, which petitioners deem to be "non-applicable case law." Petitioners state that the more recent case of *Denmark v. Starcher*, 2014 WL 7272789 (N.D.W.Va. Dec. 18, 2014), somehow disavows *Angles*. Although petitioners state that the circuit court improperly relied on *Angles*, they fail to discuss that case or explain how, according to petitioners, it is "inapposite and contrary to West Virginia law." Likewise, although petitioners

---

[3] West Virginia Code 55-2-18(a) provides as follows:

(a) For a period of one year from the date of an order dismissing an action or reversing a judgment, a party may re-file the action if the initial pleading was timely filed and (i) the action was involuntarily dismissed for any reason not based upon the merits of the action or (ii) the judgment was reversed on a ground which does not preclude a filing of new action for the same cause.

[4] We note that petitioners briefly state that it was "plain error" for the circuit court to fail to apply the saving statute, presumably suggesting that use of this doctrine would be the only way to reverse this unpreserved error. *See* Syl. Pt. 7, *Page v. Columbia Natural Res., Inc.*, 198 W.Va. 378, 480 S.E.2d 817 (1996) (holding that "'[t]o trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings.' Syllabus point 7, *State v. Miller,* 194 W.Va. 3, 459 S.E.2d 114 (1995)."). However, given that petitioners' brief fails to substantively address the "plain error doctrine" or in any way argue how it might apply to the facts of this case, we decline to address the issue herein.

quote portions of *Denmark* as authority purportedly in support of their appeal, they fail to include any substantive argument for this Court's consideration. Given the inadequacy of petitioners' argument, we decline to review this alleged error. As we stated in *State, Dep't of Health v. Robert Morris N.,* 195 W.Va. 759, 765, 466 S.E.2d 827, 833 (1995), "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim. . . . Judges are not like pigs, hunting for truffles buried in briefs." (quoting *United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir.1991)). *See State v. Lilly,* 194 W.Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (noting that "appellate courts frequently refuse to address issues that appellants . . . fail to develop in their brief."). *See also Ohio Cellular RSA Ltd. P'ship v. Bd. of Pub. Works of W.Va.,* 198 W.Va. 416, 424 n.11, 481 S.E.2d 722, 730 n.11 (1996) (refusing to address issue on appeal that had not been adequately briefed).

    For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 16, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4