[Cite as *Am. Gen. Fin. v. Griffin*, 2013-Ohio-2909.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99088**

# AMERICAN GENERAL FINANCE, ET AL.

PLAINTIFFS-APPELLANTS

vs.

# OPAL GRIFFIN

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-685562

**BEFORE:** Kilbane, J., Celebrezze, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** July 3, 2013

**ATTORNEYS FOR APPELLANTS**

Barbara Friedman Yaksic
Maria C. Burnette
James S. Wertheim
McGlinchey Stafford, P.L.L.C.
25550 Chagrin Boulevard
Suite 406
Cleveland, Ohio 44122

**ATTORNEYS FOR APPELLEE**

Ellen L. Keller
55 Public Square
Suite 1510
Cleveland, Ohio 44113

Ronald I. Frederick
Michael L. Berler
Ronald Frederick & Associates
1370 Ontario Street
Suite 1240
Cleveland, Ohio 44113

John J. Roddy
Elizabeth A. Ryan
Bailey & Glasser, L.L.P.
125 Summer Street
Suite 1030
Boston, MA 02110

MARY EILEEN KILBANE, J.:

**{¶1}** Plaintiff and counter-defendant-appellant, American General Financial n.k.a. American General Finance Services, Inc. ("AGFS"), appeals from the trial court's opinion and order denying its motion to compel arbitration, stay court proceedings, and dismiss class claims. For the reasons set forth below, we affirm.

**{¶2}** This appeal arises from a collection action brought by AGFS against defendant and counter-plaintiff/third-party plaintiff-appellee, Opal Griffin ("Griffin"). Griffin entered into eight loans with AGFS from July 2003 to March 2008, each of which contained an arbitration agreement and waiver of jury trial provision. Each subsequent loan refinanced a balance due on a previous loan and extended additional credit. With each loan, Griffin purchased multiple credit insurance policies written by third-party defendants Merit Life Insurance Company ("Merit Life") and Yosemite Insurance Company ("Yosemite").[1] These policies protect the borrower's ability to repay the loan in the event of death ("credit life"), injury ("disability"), involuntary unemployment ("IUI"), or damage to any personal property securing the loan ("PPI"). The borrower then pays, in a single payment, a premium for each insurance product purchased and when the loan is paid in full, the borrower is entitled to a refund of any unearned insurance premium. With the March 2008 loan, the loan at issue, Griffin financed $6,750.29, with a calculated APR of 28.30 percent for a term of 30 months. $5,740.15

---

[1] AGFS is owned by American General Finance Corporation ("AGFC"). AGFC is owned by American General Financial Incorporated ("AGFI"). Merit Life and Yosemite are owned by AGFC.

of the total amount financed was used to pay off the balance of a previous loan from AGFS and $1,010.14 was applied as the single payment for the credit life, disability, IUI, and PPI premiums. Griffin claims that while her monthly payment on this loan was $316.57, which was $18.12 less per month than her previous loan, this benefit was illusory because the refinancing extended the loan agreement by many months, the APR increased, and she was assessed newly added costs in the amount of $260 ($250 loan origination fee and $10 credit investigation fee).

{¶3} When Griffin allegedly defaulted on the March 2008 loan agreement, AGFS filed its complaint in Bedford Municipal Court against her in August 2008. AGFS alleges that Griffin owes it $7,289.48. In response, Griffin filed a series of answers and counterclaims. She initially filed an answer, pro se, in September 2008. In February 2009, Griffin, through counsel, filed an amended answer and counterclaim against AGFS seeking damages in excess of $61,000. The case was then transferred to the Cuyahoga County Common Pleas Court. AGFS replied to Griffin's counterclaim in May 2009. In this reply, AGFS did not demand arbitration.

{¶4} Then in October 2009, Griffin filed a third amended counterclaim and third-party complaint against AGFS and added third-party defendants AGFC, AGFI, Merit Life, and Yosemite. Griffin brought a class action, raising claims for usury in violation of the Ohio Mortgage Lending Act ("MLA"), unconscionability, violation of the Truth in Lending Act ("TILA"), breach of contract, breach of fiduciary duty, and civil conspiracy. Griffin alleges that AGFS failed to properly credit insurance premium

refunds each time she refinanced her loan. Griffin sought a refund on the total amount of interest paid on the loans, a refund on any unearned credit insurance premiums with finance charges, statutory damages, attorney fees, and costs. In response, AGFS and the affiliated companies removed the matter to federal court in December 2009, claiming subject matter jurisdiction under the Class Action Fairness Act of 2005. The matter was eventually remanded to the common pleas court in May 2010.

{¶5} In September 2010, AGFS and its affiliates filed an amended motion to compel arbitration, stay court proceedings, and dismiss class claims.[2] AGFS sought to compel Griffin to arbitration because each of the loan agreements she entered into contained an arbitration clause and all of her counterclaims fall within the scope of the agreement. AGFS further sought to dismiss Griffin's class action claims, arguing that the arbitration agreement prohibits class actions. Griffin opposed the motion, arguing that AGFS waived its right to arbitration by filing a lawsuit on a claim that its arbitration clause excludes and by continuing the litigation.

{¶6} Specifically, the arbitration agreement at issue provides that either AGFS or Griffin may file an "excluded damages lawsuit" for $5,000 or less, and if faced with a counterclaim in excess of $5,000, AGFS could demand that the counterclaim be arbitrated. AGFS replied to Griffin's brief in opposition, claiming that Griffin failed to demonstrate prejudice, which it argues is required under federal law to find that AGFS

---

[2]According to the trial court and the parties, AGFS filed a motion to compel arbitration, stay court proceedings, and dismiss class claims while in federal court in December 2009.

waived its right to arbitration. Griffin filed a surreply brief in response to AGFS's reply brief. Griffin argued that Ohio law applies, and under Ohio law a showing of prejudice is not required. She further argued that AGFS's 16-month delay in requesting arbitration and its filing for summary judgment in Bedford Municipal Court (which was withdrawn) resulted in prejudice and constitutes a waiver of its right to compel arbitration. The trial court found Griffin's argument more persuasive and denied AGFS's amended motion to compel arbitration. In its opinion, the court stated:

> Ohio law will be applied to this case that is brought in state court. This is not contrary to the FAA [Federal Arbitration Act] as there is not express language in the FAA that requires federal law to be applied to arbitration clause challenges brought in state court.
>
> Ohio courts recognize that the conduct of a party that is inconsistent with an arbitration provision may act as a waiver of that provision. *Wishnosky v. Star-Lite Bldg. & Dev. Co.*, [8th Dist. No. 77245 (Sept. 7, 2000)]. In *Checksmart v. Morgan*, 8th Dist. No. 80856, 2003-Ohio-163, the Eighth District Court of Appeals found that Checksmart waived its right to arbitrate the dispute when it instituted its lawsuit against the defendant and acted inconsistently with its right to arbitrate.
>
> * * *
>
> [T]his Court agrees with Griffin that when AGFS chose to file a complaint seeking more than $5,000.00, thus taking the case out of its self-defined category of an "Excluded Damages Lawsuit," also set forth in "Matters Not Covered by Arbitration," AGFS waived its right to arbitration. AGFS's conduct in litigating this suit indicates a waiver of any right to seek arbitration. The very specific language it used in the agreement shows that AGFS contemplated certain acts that would not constitute waiver. Therefore, AGFS cannot now claim where its conduct is inapposite of that specific language, the waiver would never apply. Here, AGFS expressly waived its right to arbitrate by filing suit on a claim excluded by its arbitration clause.
>
> * * *

Also, this Court rejects AGFS's argument that Griffin failed to address the affiliated companies' request for arbitration and therefore, Griffin's claims against them must be arbitrated. First, when AGFS filed suit in Bedford Heights it did not name its affiliated companies as parties entitled to relief. Second, as previously mentioned[,] AGFI owns AGFC and AGFC owns Yosemite, Merit Life and AGFS, therefore, all affiliated companies are owned and controlled by the same entity. Third, Griffin assigns any right to collect the insurance premiums to AGFS, thus, the arbitration clause applies to all of them and AGFS's waiver applies to all of them as well.

Finally, because this lawsuit does not fall within an "Excluded Damages Lawsuit" exception, the language pertaining to Griffin's inability to pursue class claims does not apply. This Court will not dismiss the class claims. However, the issue of whether Griffin may represent a class still remains to be decided. Parties may file supplemental briefs on this issue. AGFS's brief due on or before October 26, 2012. Griffin's brief due on or before November 26, 2012.

* * *

The Amended Motion to Compel Arbitration, Stay Court Proceedings and Dismiss [Class Claims] is denied.

{¶7} It is from this order that AGFS appeals, raising the following six assignments of error for review, which shall be discussed together and out of order where appropriate.

## Assignment of Error One

The trial court erred in finding that the claims of [Griffin] against [AGFS] and Merit [Life], [Yosemite], [AGFC], [AGFI], were not subject to arbitration under the Arbitration Agreements between the parties, when there was no dispute that the Arbitration Agreements covered the claims asserted by Griffin.

## Assignment of Error Two

The trial court erred in applying Ohio law on waiver of the right to arbitrate instead of federal law, as expressly provided for in the parties' Arbitration Agreements.

## Assignment of Error Three

Since application of the contractually-mandated federal law requires a finding of actual prejudice to Griffin in order to hold that there was a waiver of Appellants' respective rights to compel arbitration and since Griffin proffered no evidence of any actual prejudice, the trial court erred in denying [AGFS's] Motion to Compel Arbitration.

## Assignment of Error Four

Even if Ohio law on waiver of [AGFS's] rights to compel arbitration applies, the trial court applied that law improperly when it failed to consider whether Griffin suffered any actual prejudice.

## Assignment of Error Five

The trial court erred in ruling that [AGFS's] conduct waived the independent rights of Merit [Life], [Yosemite], [AGFC], [AGFI] under Arbitration Agreements, thereby denying those parties their separate rights to compel arbitration of the Third Party Complaint, which primarily addressed insurance refund activity unrelated to the original collection complaint [AGFS] filed.

## Assignment of Error Six

The trial court erred in denying [AGFS's] Motion to Dismiss Griffin's Class Claims, as those claims are barred by the class waivers in each of the Agreements signed by the parties.

## Application of Ohio Law vs. Federal Law

{¶8} We first address AGFS's second and third assignments of error. In the second assignment of error AGFS argues the trial court erred in applying Ohio law on the issue of waiver instead of federal law, as provided for in the arbitration agreements. In the third assignment of error, AGFS argues that federal law requires a finding of actual

prejudice to Griffin in order to hold that there was a waiver of its rights to compel arbitration.

**{¶9}** In the instant case, the arbitration agreements state that the FAA "applies to and governs this Agreement. State arbitration laws and procedures shall not apply to this Agreement." Additionally, "[t]he loan and insurance transactions between Lender and [Griffin] and other applicable parties are transactions involving interstate commerce, using funds and other resources from outside the state." Based on this language, AGFS maintains that federal law on arbitrability and waiver apply. AGFS further argues that under federal case law, the waiver of the right to arbitrate consists of three elements: (1) knowledge of the right to arbitrate; (2) acts inconsistent with that right; and (3) prejudice to the other party.

**{¶10}** We find the court's reasoning in *Med. Imaging Network, Inc. v. Med. Resources*, 7th Dist. No. 04 MA 220, 2005-Ohio-2783, persuasive. *Med. Imaging* involved an analogous situation in which appellants first sued appellees in federal court alleging breach of contract. After that suit was dismissed, the appellants tried to compel arbitration in common pleas court. In its analysis, the Seventh District Court of Appeals examined the FAA, stating that:

> In enacting the FAA, Congress withdrew the power of the states to force parties to utilize the court system to resolve certain claims where the contracting parties have agreed to arbitrate these claims instead. *Southland Corp. v. Keating* (1984), 465 U.S. 1, 10, 79 L.Ed.2d 1, 104 S.Ct. 852. The FAA's basic purpose is to "ensure judicial enforcement of privately made agreements to arbitrate" on certain federally controlled topics. *Dean Witter Reynolds, Inc. v. Byrd* (1985), 470 U.S. 213, 219, 84 L.Ed.2d 158, 105 S.Ct.

1238. The purpose of the Ohio Arbitration Act [OAA] is also to ensure judicial enforcement of privately made agreements to arbitrate.

More specifically, the FAA provides that certain written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. 2. Almost identically, the OAA provides that written arbitration agreements "shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract."  R.C. 2711.01(A).

The FAA only applies to state court proceedings where * * * transactions of interstate * * * commerce are involved.  9 U.S.C. 2.  *See also Southland*, 465 U.S. 1, 79 L.Ed. 2d 1, 104 S.Ct. 852.  Here, it is not clear how the 1997 agreement containing the arbitration agreement indicates the involvement of interstate commerce.  * * * We note that the federal court found a lack of diversity of citizenship under these facts.  * * * If interstate commerce is not involved, then the FAA is not applicable.

Regardless, as can be seen in the above quoted statutes, both the FAA and the OAA state that written agreements to arbitrate are valid, irrevocable, and enforceable.  And, both the FAA and the OAA provide an exception to the validity, irrevocability, and enforceability of arbitration agreements; that is, upon such grounds that exist at law or in equity for the revocation of any contract. 9 U.S.C. 2; R.C. 2711.01(A).

Waiver is a ground that exists at law or in equity (in both Ohio and the federal system) for the revocation of any contract.  Even if interstate commerce was involved and the FAA was thus applicable, federal law need not be utilized to define the basic concept of waiver.  See, e.g., Jiang, Federal Arbitration Law and State Court Proceedings (Jan. 1990), 23 Loy.L.A. L.Rev. 473, 492. See, also, *World Source Coil Coating, Inc. v. McGraw Constr. Co.* (C.A. 1991), 946 F.2d 473, 476-479 (where the federal court applied state law to determine that prejudice was not a required element for waiver of an arbitration agreement in that state).

"State law, whether of legislative or judicial origin, is applicable if that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally." *Perry v. Thomas* (1987), 482 U.S. 483, 492-493, 96 L.Ed.2d 426, 107 S.Ct. 2520.  It is only where the state created a special rule for finding arbitration agreements invalid, revocable, or unenforceable will federal law be applied on the issue.  *Id*.  As such, if Ohio's law on waiving arbitration agreements is a ground existing at law or

> in equity for waiving the rights under any type of contract, then Ohio law can be applied to determine if a waiver of the right to arbitrate occurred. Id. See, also, *Southland*, 465 U.S. at 16.

*Id.* at ¶ 16-21.

{¶11} Here, AGFS urged the trial court that federal law applies, and Griffin was required to show prejudice in order to find AGFS waived its right to arbitration. AGFS did not argue that Ohio created a special rule for finding arbitration agreements invalid, revocable, or unenforceable. Just as in *Med. Imaging*, in the instant case regardless of the FAA's applicability, federal law need not be utilized to define the basic concept of waiver. Ohio law can be applied to determine if a waiver of the right to arbitrate occurred because Ohio's law on waiving arbitration agreements is a ground existing at law or in equity for waiving the rights under any type of contract. *See also Great Earth Cos. v. Simons*, 288 F.3d 878, 889 (6th Cir.2002), quoting *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 686-687, 116 S.Ct. 1652, 134 L.Ed.2d 902 (1996) ("'state law may be applied if that law arose to govern issues concerning the validity, revocability, and enforceability of contracts[.]'") Moreover, we note that the federal district court remanded the case to the common pleas court and the federal court of appeals denied the petition for AGFS's remand appeal. Based on the foregoing, we find that Ohio law was properly applied to the issue of the waiver of the right to arbitration.

{¶12} Therefore, the second assignment of error is overruled.

{¶13} In its third assignment of error, AGFS argues that under federal law a finding of actual prejudice to Griffin is required in order to hold that there was a waiver

of its right to compel arbitration. However, based on our disposition of the second assignment of error, the third assignment of error is moot. *See* App.R. 12(A)(1)(c).

<u>Waiver of the Right to Arbitration</u>

{¶14} In the first, fourth, and fifth assignments of error, AGFS challenges the trial court's decision, arguing that Griffin's claims are subject to arbitration, Griffin did not suffer any actual prejudice under Ohio law, assuming it applies, and its conduct did not waive the independent rights of Merit Life, Yosemite, AGFC, and AGFI.

{¶15} The parties dispute the applicable standard of review governing this case. AGFS, relying on federal law, argues that a de novo standard of review be applied by this court. Griffin, on the other hand, relying primarily on cases from this district, argues that an abuse of discretion standard of review be applied.

{¶16} Having decided that Ohio law was properly applied to determine if a waiver to the right to arbitration occurred, we look to previous decisions by this court, which hold that an abuse of discretion standard of review applies in circumstances, such as a determination that a party has waived its right to arbitrate a given dispute. *McCaskey v. Sanford-Brown College*, 8th Dist. No. 97261, 2012-Ohio-1543, ¶ 7, citing *Milling Away, L.L.C. v. UGP Properties, L.L.C.*, 8th Dist. No. 95751, 2011-Ohio-1103. *See Checksmart*, 8th Dist. No. 80856, 2003-Ohio-163, at ¶ 10 (where we held that "[i]n determining whether the trial court properly denied or granted a motion to stay the proceedings and compel arbitration, the standard of review is whether the order constituted an abuse of discretion."). "The term 'abuse of discretion' connotes more

than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" (Citations omitted.) *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 404 N.E.2d 144 (1980).

{¶17} In Ohio, there is a strong presumption in favor of arbitration, and courts encourage arbitration to settle disputes. *Wishnosky v. Star-Lite Bldg. & Dev. Co.*, 8th Dist. No. 77245 (Sept. 7, 2000); *U.S. Bank, N.A. v. Wilkens*, 8th Dist. No. 93088, 2010-Ohio-262. However, the right to arbitration, like any other contractual right, may be waived. *Rock v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 79 Ohio App.3d 126, 606 N.E.2d 1054 (8th Dist.1992). A party asserting waiver must prove the waiving party (1) knew of the existing right to arbitrate; and (2) acted inconsistently with that right. *Checksmart* at ¶ 22; *Milling* at ¶ 8. "'The essential question is whether, based upon the totality of the circumstances, the party seeking arbitration has acted inconsistently with the right to arbitrate.'" *Checksmart* at ¶ 22, quoting *Wishnosky*.

{¶18} With regard to determining whether the totality of circumstances supports a finding of waiver, this court has set forth the following factors to consider:

> (1) whether the party seeking arbitration invoked the jurisdiction of the trial court by filing a complaint, counterclaim, or third-party complaint without asking for a stay of proceedings; (2) the delay, if any, by the party seeking arbitration in requesting a stay of proceedings or an order compelling arbitration; (3) the extent to which the party seeking arbitration participated in the litigation, including the status of discovery, dispositive motions, and the trial date; and (4) any prejudice to the non-moving party due to the moving party's prior inconsistent actions.

*Ohio Bell Tel. Co. v. Cent. Transp., Inc.*, 8th Dist. No. 96472, 2011-Ohio-6161, ¶ 16, citing *Wilkens*.

{¶19} In the instant case, there is no dispute that AGFS knew of its right to arbitrate because it drafted the arbitration agreement. Thus, we look to the second element — whether AGFS acted inconsistently with the right to arbitrate. AGFS argues that Griffin did not suffer from any prejudice as a result of its inconsistent actions. We note, however, that "'there are no talismanic formulas for determining the existence of an implicit waiver, and no one factor can be isolated or singled out to achieve controlling weight.'" *Middletown Innkeepers, Inc. v. Spectrum Interiors*, 12th Dist. No. CA2004-01-020, 2004-Ohio-5649, ¶ 14, quoting *Georgetowne Condominium Owners Assoc. v. Georgetowne Ltd. Partnership*, 12th Dist. No. CA2002-02-010, 2002-Ohio-6683.

{¶20} When looking at the totality of circumstances, we find that AGFS acted inconsistently with the right to arbitrate. Despite knowing of its right to arbitrate, AGFS initiated the matter by filing a complaint against Griffin and then sat on its right to arbitrate for over two years before filing its motion to compel arbitration. AGFS drafted a specific arbitration agreement in which it defined certain claims that were either covered or excluded from arbitration. According to the terms of the agreement, either AGFS or Griffin may file an "excluded damages lawsuit" for $5,000 or less, and if faced with a counterclaim in excess of $5,000, AGFS could demand that the counterclaim be arbitrated. Instead of complying with its own terms, AGFS chose to initiate a collection

action in Bedford Municipal Court against Griffin in the amount of $7,289.48, which exceeds the $5,000 threshold. AGFS's conduct in litigating this matter, despite the specific language it drafted in the arbitration agreement, evidences a waiver of the right to arbitration.

{¶21} Furthermore, when the case was removed to the Cuyahoga County Common Pleas Court, AGFS replied to Griffin's counterclaim, but did not demand arbitration. After Griffin filed her third amended counterclaim and third-party complaint against AGFS and added AGFC, AGFI, Merit Life, and Yosemite, AGFS removed the case to the United States District Court for the Northern District of Ohio. When the district court remanded the case to common pleas court, AGFS appealed this order to the Sixth Circuit Court of Appeals. The court of appeals denied AGFS's petition, and the matter was eventually remanded to the common pleas court in May 2010. AGFS then actively litigated the case by engaging in motion practice, opposing Griffin's discovery requests and seeking protective orders. It was not until four months after the matter was remanded from federal court in May 2010 that AGFS and affiliates first moved the trial court to compel arbitration. A referral to arbitration would prejudice Griffin because AGFS initiated the complaint in September 2010 and has vigorously litigated the matter since then.

{¶22} Moreover, AGFS's extensive delay in filing its motion to compel arbitration and stay the proceedings is particularly bothersome because AGFS initiated the lawsuit and it appears that after obtaining unfavorable rulings on its removal to federal court,

AGFS then filed the motion. As we stated in *Ohio Bell*, "[a] party cannot sit on its right to arbitrate for over a year, while actively litigating the case, and then assert such a right in the face of an adverse ruling — such conduct amounts to forum shopping." *Id.,* 8th Dist. No. 96472, 2011-Ohio-6161, at ¶ 23. Thus, we find that AGFS waived the right to arbitration, and the trial court did not abuse its discretion by denying AGFS's motion to compel arbitration and stay proceedings.

{¶23} AGFS further argues that even if we find that it waived its right to compel arbitration, its affiliates, AGFC, AGFI, Merit Life, and Yosemite, did not waive their right to compel arbitration. AGFS contends that the trial court erred when it found that the affiliates also waived the right to arbitration because the affiliates' rights, as separate entities, are independent from AGFS's rights. AGFS and its affiliates' actions, however, belie their argument.

{¶24} There is no dispute that AGFI owns AGFC, which owns AGFS, Merit Life, and Yosemite. Additionally, Griffin did not have a separate contract with Merit Life or Yosemite. In the loan agreement, AGFC, Merit Life, and Yosemite were specifically named as affiliates. Most tellingly, at the trial court and on appeal AGFS and its affiliates have been represented by the same counsel. In response to Griffin's third amended counterclaim and third-party complaint, a motion for extension of time was singularly filed by AGFS's counsel on behalf of all the parties sued. Counsel also filed a notice of removal to federal court on behalf of AGFS and the newly added affiliates. Virtually all of the briefing and discovery at the trial court was conducted jointly for

AGFS and its affiliates. Moreover, AGFS's notice of appeal and praecipe only names AGFS as the appellant in this appeal. In its merit brief, however, it includes AGFC, AGFI, Merit Life, and Yosemite as appellants.[3] Based on these actions, AGFS and its affiliates appear to argue that the companies are separate, when it is in their benefit. As a result, the trial court did not abuse its discretion when it found that AGFC, AGFI, Merit Life, and Yosemite also waived their right to arbitration.

{¶25} Accordingly, the first, fourth, and fifth assignments of error are overruled.

### Motion to Dismiss Class Claims

{¶26} In the sixth assignment of error, AGFS argues that the trial court erred by denying its motion to dismiss class claims because under the terms of the arbitration agreement, Griffin waived the right to bring a class action. Griffin argues that this issue is not yet ripe for review. We agree.

{¶27} This issue is not ripe for our review because it has not yet been decided whether Griffin may represent a class.

{¶28} Thus, the sixth assignment of error is overruled.

{¶29} Accordingly, judgment is affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

---

[3]App.R. 3(D) requires that "the notice of appeal shall specify the party or parties taking the appeal[.]"

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
TIM McCORMACK, J., CONCUR