[Cite as *Murfey v. Muth*, 2025-Ohio-1184.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

SPENCER L. MURFEY, III, ET AL.,　　:

　　Plaintiffs-Appellants,　　:

　　　　　　　　　　　　　　　　　　No. 114212

v.　　　　　　　　　　　:

MARIA G. MUTH, ET AL.,　　:

　　Defendants-Appellees.　　:

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 3, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-983128

---

### *Appearances:*

Pierson Ferdinand, LLP, and Daniel Messeloff, *for appellants.*

McDonald Hopkins, LLC, Jeffrey P. Consolo, and Franklin C. Malemud, *for appellees Maria G. Muth as Co-trustee and Individually and Mary V. Murfey.*

Ciano & Goldwasser, L.L.P., Phillip A. Ciano, Brent S. Silverman, and Anastasia J. Wade, *for appellees WHC Ventures, LLC, and Peter W. Nordell, Jr.*

SEAN C. GALLAGHER, J.:

**{¶ 1}** Spencer L. Murfey, III and Cynthia H. Murfey, individually and as co-trustees of trusts formed by Spencer L. Murfey, Jr., and Louise T. Murfey (through her attorney in fact) (collectively "appellants") sued Peter W. Nordell, Jr., and WHC Ventures, LLC ("Nordell appellees"), and Maria Muth and Mary Murfey based on the belief that the appellees diminished appellants' ownership in family investment opportunities beginning in 2003. The trial court granted the appellees' separate motions to compel arbitration and stay the case. For the following reasons, we affirm that decision.

**{¶ 2}** The parties are relatives of Warren H. Corning, a successful investor and philanthropist who passed away in 1975. The family eventually split themselves into factions, all vying for additional investment opportunities in Greylock Partners, a venture capital company Corning had been involved with since its inception in 1965. To make these investments, the family used what are known as "Family Investment Vehicles," which created certain partnerships, WHC Ventures 2009-1, LP, WHC Ventures 2013, LP, and WHC Ventures 2016, LP (collectively "WHC Partnerships"). The appellants claim that their share of investments into Greylock were diminished in those partnerships, and wholly excluded in two later-formed partnerships, WHC 2020 and WHC 2023, because they were the adopted children of Spencer Murfey, Jr. In order to participate in these partnerships, and thus avail themselves of the lucrative investment opportunities in Greylock, the appellants were required to sign Limited Partnership Agreements ("LPAs") to each

partnership. The appellants do not dispute signing the agreements. All of the LPAs contained mandatory arbitration clauses. These arbitration clauses specify that any disputes related to the partnership or investments must be resolved through arbitration, not through court litigation.

{¶ 3} Over time, the appellants initiated several legal disputes related to these partnerships. In 2018, appellants filed a complaint in the Delaware Court of Chancery seeking to inspect the WHC Partnerships' records, including individual tax forms for the other limited partners. Two years later, appellants filed another lawsuit in Delaware, this time including Nordell as an individually named defendant. In the second case, appellants raised issues such as the withholding of distributions, failure to meet capital calls, and irregularities with amendments to the LPAs. The appellants argued that these actions violated the agreements governing the partnerships. The case was ultimately settled.

{¶ 4} In 2020, appellants commenced an action in a Florida state court against Homer Chisholm in his capacity as co-trustee of the appellants' respective trusts, through which their ownership interests in the WHC Partnerships were managed, seeking damages for his part in the alleged diminution of the appellants' allotted ownership. That action was amended to include Muth who was the co-trustee of appellants' trusts until 2015. Spencer Murfey, III filed a second action in 2021 on behalf of his mother, Louise, against Muth and Chisholm advancing the same claims. Appellants do not dispute that the claims against Muth are nearly identical to the ones raised in the underlying case. That case appears to be ongoing.

{¶ 5} In 2021, appellants initiated a third legal action in Ohio, asserting claims against the appellees for breach of contract, tortious interference, and civil conspiracy. They also sought a declaratory judgment to assert their right to invest in Greylock funds on the same terms as other family members. However, after the responses were filed, the appellants voluntarily dismissed the case based on joint discussions to entertain settlement negotiations. Apparently, those negotiations were not successful.

{¶ 6} In the underlying case, a refiled action following the earlier dismissal, the appellants are pursuing claims against the same appellees, alleging breach of contract, tortious interference, civil conspiracy, spoliation of evidence, unjust enrichment, and a declaratory judgment for their purported right to invest equally with other family members in Greylock funds. In response to the amended complaint, appellees filed a motion to compel arbitration, arguing that the claims brought by the appellants are subject to the arbitration clauses in the LPAs. Appellants did not challenge the validity of these arbitration provisions or request an oral hearing on the motion.

{¶ 7} Instead, the appellants maintain that appellees waived their right to assert the contractual right to arbitration through litigating the various claims in several forums over the past seven years. The trial court disagreed, granted the motions to compel arbitration and stayed the case pending the outcome of that proceeding. This timely appeal followed.

{¶ 8} In the first assignment of error, the appellants claim the trial court erred by ruling on the motions to compel arbitration without first conducting an oral hearing. The appellants, however, failed to request a hearing on the matter.

{¶ 9} There is a conflict of authority on whether R.C. 2711.03 requires a trial court to sua sponte hold oral argument on a motion to compel arbitration. *See, e.g., Mattox v. Dillard's, Inc.*, 2008-Ohio-6488, ¶ 15 (8th Dist.) ("While a party's request for an oral hearing shall be granted pursuant to R.C. 2711.03, an oral hearing is not mandatory absent a request."); *Snyder v. Old World Classics*, 2023-Ohio-4019, ¶ 6-10 (9th Dist.) (holding that the trial court erred by not sua sponte holding an oral hearing on the motion to stay and compel arbitration). That conflict is currently before the Ohio Supreme Court. *Snyder v. Old World Classics, L.L.C.*, 2024-Ohio-880. But the resolution of that conflict is of little benefit to the appellants in this case. Importantly, the appellants have not identified any evidence not contained in the record necessitating an evidentiary hearing.

{¶ 10} But regardless, at the time the appellants filed their opposition brief to the motions to compel, the law in this district was settled: absent a request for an oral hearing, at the least, the trial court is permitted to rule on the pending motions. *See Blue Technologies Smart Solutions, L.L.C. v. Ohio Collaborative Learning Solutions, Inc.*, 2020-Ohio-806, ¶ 27 (8th Dist.). The appellants were obligated to preserve any arguments regarding the necessity of an oral hearing based on the statutory language in light of this district's precedent, and new arguments cannot be raised for the first time in an appeal. *State v. Wintermeyer*, 2019-Ohio-5156, ¶ 10

("A first principle of appellate jurisdiction is that a party ordinarily may not present an argument on appeal that it failed to raise below."), citing *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121 (1997). The corollary to that proposition, is an argument attempting to circumvent established precedent that is not raised in the trial court cannot be preserved for the first time in appellate briefing. *Craig v. Gilchrist*, 2022-Ohio-4477, ¶ 11 (10th Dist. ) (constitutional arguments cannot be preserved in an appeal when not first raised with the trial court). The first assignment of error is overruled.

{¶ 11} In the second and third assignments of error, appellants claim the trial court applied the wrong standard in compelling arbitration, or in the alternative abused its discretion because the appellees "clearly" waived their right to arbitration. Those will be addressed out of order for the sake of simplicity.

{¶ 12} The third assignment of error is without merit. The trial court concluded, expressly "mindful that Ohio law strongly favors compelling arbitration where appropriate[,]" that

> [w]hen considering the totality of the circumstance presented herein, this court is unable to find that the defendants unequivocally waived their right to arbitrate. *See Vining v. Logan Clutch Corp.*, 2020-Ohio-675, ¶ 11 (8th Dist.). Any doubt as to the existence of a waiver is to be resolved against plaintiffs. *Guerrini v. Chanell Roofing & Home Improvement, LLC*, 2024-Ohio-585, ¶ 24 (8th Dist.), *Neel v. A. Perrino Construction, Inc.*, 2018-Ohio-1826, ¶ 35 (8th Dist.). Based upon the foregoing, this case is ordered to arbitration and further proceedings are stayed pending the outcome of the arbitration.

Appellants have not explained how that conclusion is contrary to the established precedent.

{¶ 13} Instead, their sole argument is that the limited analysis precludes appellate review and therefore warrants summary reversal for a more detailed decision. Appellants have cited no authority to support that proposition. *See State v. Quarterman*, 2014-Ohio-4034, ¶ 19 (concluding that appellate courts "are not obligated to search the record or formulate legal arguments on behalf of the parties"), citing *State v. Bodyke,* 2010-Ohio-2424, ¶ 78 (O'Donnell, J., concurring in part and dissenting in part); App.R. 16(A)(7). The facts, for the most part consisting of the procedural history of this years-long dispute, are largely undisputed. The sole focus of the appeal is application of those facts to the legal analysis under R.C. 2711.03. In light of that, the trial court's order is not unduly vague or incapable of review. And more to the point of the assigned error presented, the trial court's decision accurately states and applies the prevailing standard for determining waiver. The sole issue is the weight given to the various factors under the waiver analysis, as will be discussed below. The third assignment of error is overruled.

{¶ 14} In the second assignment of error, appellants claim the trial court abused its discretion in finding that the appellees did not waive their contractual right to arbitration.

{¶ 15} In order to prevail on an argument that a defendant has waived their right to arbitrate, the plaintiff must demonstrate "'(1) that the party knew of its right to assert an argument or defense and (2) that the totality of the circumstances establish that the party acted inconsistently with that right.'" *Blue Technologies*

*Smart Solutions, L.L.C.*, 2020-Ohio-806, at ¶ 13 (8th Dist.), quoting *Gembarski v. PartsSource, Inc.*, 2019-Ohio-3231, ¶ 25. "A party may explicitly waive its right to arbitration or may implicitly waive its right by failing to assert it or by participating in litigation to such an extent that its actions are 'completely inconsistent with any reliance' on this right, resulting in prejudice to the opposing party." *Bass Energy Inc. v. Highland Hts.*, 2010-Ohio-2102, ¶ 33 (8th Dist.), quoting *Gen. Star Natl. Ins. Co. v. Administratia Asigurarilor De Stat,* 289 F.3d 434, 438 (6th Cir. 2002). "Any doubt as to the existence of a waiver is to be resolved against the party asserting it." *Guerrini v. Chanell Roofing & Home Improvement, LLC*, 2024-Ohio-585, ¶ 24 (8th Dist.), citing *Rimedio v. SummaCare, Inc.*, 2004-Ohio-4971, ¶ 13 (9th Dist.).

{¶ 16} Factors the trial court may consider in determining whether the totality of the circumstances supports a finding of waiver include the following:

> "(1) whether the party seeking arbitration invoked the jurisdiction of the trial court by filing a complaint, counterclaim, or third-party complaint without asking for a stay of proceedings; (2) the delay, if any, by the party seeking arbitration in requesting a stay of proceedings or an order compelling arbitration; (3) the extent to which the party seeking arbitration participated in the litigation, including the status of discovery, dispositive motions, and the trial date; and (4) any prejudice to the non-moving party due to the moving party's prior inconsistent actions."

*Am. Gen. Fin. v. Griffin*, 2013-Ohio-2909, ¶ 18 (8th Dist.), quoting *Ohio Bell Tel. Co. v. Cent. Transport, Inc.*, 2011-Ohio-6161, ¶ 16 (8th Dist.). No one factor controls, and trial courts have discretion to weigh each factor considered.

{¶ 17} When reviewing whether the trial court erred in concluding that a party has or has not waived arbitration, appellate courts apply an abuse-of-

discretion standard. *Bernat v. Ek Real Estate Fund I LLC*, 2024-Ohio-5043, ¶ 27 (7th Dist.), citing *Steese v. Canton Regency*, 2022-Ohio-4711 (5th Dist.). Abuse of discretion generally applies in situations where the trial "'court is empowered to make a decision — of *its* choosing — that falls within a range of permissible decisions.'" (Emphasis in original.) *Miller v. Eldridge*, 146 S.W.3d 909 (Ky. 2004), quoting *Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 169 (2d Cir. 2001). When trial courts are vested with discretion to render a decision, the court is not required to make any "particular decision." *Zervos* at 169. Generally, a case involving a discretionary decision involves the weighing of factors or circumstances based on some factual underpinning. The waiver analysis under R.C. 2711.03 is no different.

{¶ 18} In order to find error under an abuse-of-discretion standard, the reviewing court must find that there "is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990); *In re Sullivan*, 2006-Ohio-3206, ¶ 12 (11th Dist.). As this court has previously recognized, the abuse-of-discretion standard "'is a high standard to satisfy and we cannot simply substitute our judgment for that of the trial court.'" *Adkins v. Women's Welsh Club of Am. Found.*, 2021-Ohio-1084, ¶ 16 (8th Dist.), quoting *Beegle v. S. Pointe Hosp.*, 2011-Ohio-3591, ¶ 15 (8th Dist.).

{¶ 19} Because the abuse-of-discretion standard applies to reviewing any decision granting or denying a motion to compel arbitration based on the fact-

intensive claims of waiver, although instructive, prior case law is rarely, if ever, dispositive. The standard to reverse a trial court's decision based on claims of waiver is high, whether that be to grant or to deny a motion to compel. Prior decisions do not create a standard demanding a particular outcome, but instead demonstrate a range of decisions based on the weighing of factors by the trial court. From the record before us, we are unable to find the trial court's decision to grant appellees' motion to compel arbitration and stay the case was arbitrary, capricious, or unconscionable in this matter, or was contrary to any legal standard.

{¶ 20} Appellants claim that the Nordell appellees failed to invoke the arbitration provisions three separate times: during the concluded Delaware Books and Records Action, the concluded Delaware Contempt Action, and the first dismissed action preceding the underlying, refiled case. In addition, appellants claim that in their capacities as beneficiaries of their respective trusts, appellants collectively filed two separate actions against Muth in Florida in 2021, which remain pending and in which Muth failed to assert her individual right to arbitration. According to the appellants, the interrelatedness of the Florida actions and this pending action cannot be disputed.[1] The appellants further claim that the appellees delayed filing a responsive pleading in the underlying case for several months and, therefore, waived their right to assert arbitration.

---

[1] A natural question that begs to be asked is why then was Muth included in this action filed in Cuyahoga County?

{¶ 21} Appellants' argument essentially invites this panel to disagree with the trial court's discretionary decision based on reviewing the same factors and the undisputed procedural history of the parties' disputes as presented to the trial court. We decline to do so because such a review would be more aptly described as de novo. The trial court expressly reviewed the totality of the circumstances as presented by appellants, including appellants' reliance on defendants' conduct in the respective out-of-state actions and the procedural posture of the underlying case.

{¶ 22} The Delaware actions were, at best, tangentially related to the underlying claims. Appellants claim that the Delaware actions were focused on their rights to inspect records in possession of the WHC Ventures 2009, 2013, and 2016 and the subsequent action to compel was based on allegations that the Nordell appellees violated the final order in that earlier Delaware action. Although that action may have provided a foundation for the current claims, the action was limited in nature. As a panel from this district recently concluded, prior litigation tangentially related to ongoing disputes does "not act as a blanket waiver for all other disputes between the parties." *Gerston v. Parma VTA, LLC*, 2023-Ohio-1563, ¶ 18 (8th Dist.). We have not been provided with a reason or any authority to conclude otherwise.

{¶ 23} The only other conduct by the Nordell appellees, and Mary Murfey for that matter, was their appearance and agreement to settlement negotiations in the first filing in Cuyahoga County and their filing of their motion to compel arbitration seven months into the underlying litigation. Three months after filing the initial

complaint in the underlying case, however, appellants filed their first amended complaint, resetting the time to respond. During that time, no discovery or significant litigation occurred with respect to those parties. The trial court, therefore, did not abuse its discretion in concluding that the Nordell appellees and Mary Murfey did not waive their right to compel arbitration by seeking settlement discussions in the original filing or by seeking additional time to file a responsive pleading. "Any doubt as to the existence of a waiver is to be resolved against the party asserting it," and in this case there is no clear waiver on the part of those appellees. *Guerrini*, 2024-Ohio-585, at ¶ 24 (8th Dist.), citing *Rimedio*, 2004-Ohio-4971, at ¶ 13 (9th Dist.).

{¶ 24} With respect to Maria Muth, appellants extensively rely on her defending that action on its merits in Florida. At oral argument, the parties represented that appellants' claims against Muth, and Mary Murfey, had been tentatively resolved. No request to dismiss the appeal as to those parties has been filed. Couple that with the fact that the Nordell appellees are entitled to assert their rights to arbitrate the claims, we decline to address any issues pertaining to Maria Muth individually. The trial court's decision to stay the entire matter under R.C. 2711.02(B) moots any issues with respect to her claims regardless of a purported settlement. The underlying proceeding is stayed pending the arbitration compelled at least by the Nordell appellees. Any resolution of the appellate arguments pertaining to Muth would be advisory and have no impact on the procedural posture of this case moving forward. The second assignment of error is overruled.

{¶ 25} The trial court did not abuse its discretion in staying the action after compelling the parties to arbitrate their dispute. Appellants by and large are simply asking this panel to disagree with the trial court's conclusion based on de novo-esque review of the procedural history of the parties' lengthy dispute as applied to the waiver analysis. That form of review is inappropriate under the abuse-of-discretion standard. There is no clear waiver of the right to arbitrate in light of the limited nature of the previous actions in Delaware and the parties' limited involvement in the first filing of this case. We cannot conclude that the trial court abused its discretion in so concluding.

{¶ 26} As a result, the decision of the trial court is affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

MICHAEL JOHN RYAN, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR