[Cite as *Maddox v. Indochino Apparel (US), Inc.*, 2025-Ohio-2227.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

DEAUNDRA MADDOX, :

    Plaintiff-Appellant, :

                             No. 114530

    v. :

INDOCHINO APPAREL (US), INC., :
ET AL.,

                                :

    Defendants-Appellees.

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 26, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-24-995442

---

### *Appearances:*

James E. Boulas Co., L.P.A., James E. Boulas, and Panagiota D. Boulas, *for appellant*.

Littler Mendelson, P.C., Shannon K. Patton, and Shannon Henry, *for appellee* Indochino Apparel (US), Inc.

SEAN C. GALLAGHER, J.:

{¶ 1} Plaintiff-appellant DeAundra Maddox ("Maddox") appeals the trial court's decision that granted appellee Indochino Apparel (US), Inc.'s motion to

compel arbitration and stay the case. For the following reasons, we affirm that decision.

{¶ 2} On April 4, 2024, Maddox filed a complaint that raises claims arising from alleged discrimination and sexual harassment in the course of her employment with Indochino Apparel (US), Inc. ("Indochino"). A case-management conference was held on June 18, 2024, and the trial court issued a journal entry indicating that no appearance was made by or on behalf of either defendant, that the docket indicated that Indochino was in default, that the failure of Indochino to appear "may result in the issuance of a default judgment," and that service had not yet been perfected on the other defendant, Ashley Stewart. The trial court set the matter for a pretrial on July 18, 2024.

{¶ 3} On July 17, 2024, Maddox and Indochino filed a joint stipulated extension of time for Indochino to file an answer to the complaint. It was stated that counsel for Indochino had been retained earlier that week, and the parties agreed to an extension of time through August 7, 2024, for Indochino to file its answer.

{¶ 4} The trial court held a pretrial on July 18, 2024. The court set scheduling dates and referred the case to mediation with the court mediator, which was to occur after the discovery cutoff date of November 15, 2024. It appears that service on the other defendant still had not been obtained.

{¶ 5} Indochino filed its answer on August 8, 2024, in which it included an affirmative defense that Maddox's claims may be subject to arbitration. Thereafter, on August 30, 2024, Indochino filed a motion to dismiss or to stay proceedings

pending arbitration. In support of its motion, Indochino attached Maddox's offer letter/employment agreement ("the agreement") with Indochino, along with an affidavit attesting to the agreement. Section 16 of the agreement contains an arbitration provision that applies to employment-related claims. Specifically, the parties agreed that "[a]rbitration under this Agreement is governed by the Federal Arbitration Act (9 U.S.C. §§ 1 et seq.)" and that "any dispute or controversy covered by this arbitration provision, or arising out of, relating to, or concerning the validity, enforceability or breach of this arbitration provision, shall be resolved by binding arbitration in accordance with the Employment Arbitration Rules of the American Arbitration Association ("AAA Rules") . . . ." With limited exception, not applicable in this matter, the arbitration provision states that it applies to disputes "arising out of or related to the employment relationship . . . compensation, breaks and rest periods, termination, retaliation, discrimination or harassment . . . and state statutes, if any, addressing the same or similar subject matters, and all other state statutory and common law claims." The DocuSigned electronic signature of Maddox is at the end of the agreement.

{¶ 6} Maddox opposed Indochino's motion and argued in part that "Maddox did not agree to Indochino taking leave to move to compel arbitration," that plaintiff's counsel agreed to the stipulation to file a responsive pleading on condition that Indochino would only file an answer and not engage in motion practice, and

that "Indochino waived any arbitration right by being in default[.]" Indochino filed a reply brief.

{¶ 7} On October 4, 2024, the trial court granted Indochino's motion to stay proceedings pending arbitration. The trial court found as follows:

> The court finds the claims in this matter are within the scope of the arbitration agreement and that this matter is referable to arbitration as provided in the agreement. The court does not find under the facts presented that defendant has acted inconsistently with or has waived its right to arbitration.
>
> Accordingly, case is stayed pending arbitration in accordance with parties' arbitration agreement. R.C. 2711.02(B). . . .
>
> So ordered.

{¶ 8} Maddox timely appealed. She has presented four assignments of error for our review, all of which challenge the trial court's ruling on the motion to compel arbitration.

{¶ 9} As an initial matter, upon review of the supplemental briefing that was filed, we find that there is a final, appealable order and that we have jurisdiction over the appeal. This case is distinguishable from *Credit Acceptance Corp. v. Beard*, 2024-Ohio-4799 (8th Dist.), *discretionary appeal allowed*, 2025-Ohio-1613, wherein the arbitration provision specifically stated that it was "governed by the FAA *and not by any state arbitration law*." (Emphasis added.) *Id.* at ¶ 13.[1] The

---

[1] In *Beard*, a panel of this court granted a motion to dismiss the appeal for lack of a final, appealable order where the parties' arbitration agreement stated that it was "governed by the FAA and not by any state arbitration law" because "the FAA does not provide for an appeal of an interlocutory order granting a motion compelling arbitration." *Id.* at ¶ 13-14.

agreement herein does not specifically foreclose application of state law, Indochino acquiesced to application of state law in its motion, and the trial court in this case stayed the case pending arbitration pursuant to R.C. 2711.02(B). Because no challenge was made to the trial court's application of state law, we do not address that issue herein. We proceed to address the assignments of error raised on appeal.

{¶ 10} Under her first and second assignments of error, Maddox claims that Indochino waived its right to arbitration when it failed to defend the lawsuit and that the stipulation to file an answer did not undo Indochino's alleged waiver.

{¶ 11} In order to prevail on an argument that a defendant has waived their right to arbitrate, the plaintiff must demonstrate "(1) that the party knew of its right to assert an argument or defense and (2) that the totality of the circumstances establish that the party acted inconsistently with that right." *Blue Technologies Smart Sols. v. Ohio Collaborative Learning Sols., Inc., L.L.C.*, 2020-Ohio-806, ¶ 13 (8th Dist.), quoting *Gembarski v. PartsSource, Inc.*, 2019-Ohio-3231, ¶ 25. "A party may explicitly waive its right to arbitration or may implicitly waive its right by failing to assert it or by participating in litigation to such an extent that its actions are 'completely inconsistent with any reliance' on this right, resulting in prejudice to the opposing party." *Bass Energy Inc. v. Highland Hts.*, 2010-Ohio-2102, ¶ 33 (8th Dist.), quoting *Gen. Star Natl. Ins. Co. v. Administratia Asigurarilor de Stat,* 289 F.3d 434, 438 (6th Cir. 2002).

{¶ 12} Various factors may be considered in determining whether the totality of the circumstances supports a finding of waiver, including the following:

"(1) whether the party seeking arbitration invoked the jurisdiction of the trial court by filing a complaint, counterclaim, or third-party complaint without asking for a stay of proceedings; (2) the delay, if any, by the party seeking arbitration in requesting a stay of proceedings or an order compelling arbitration; (3) the extent to which the party seeking arbitration participated in the litigation, including the status of discovery, dispositive motions, and the trial date; and (4) any prejudice to the non-moving party due to the moving party's prior inconsistent actions."

*Am. Gen. Fin. v. Griffin*, 2013-Ohio-2909, ¶ 18 (8th Dist.), quoting *Ohio Bell Tel. Co. v. Cent. Transport, Inc., et al.*, 2011-Ohio-6161, ¶ 16 (8th Dist.). "When reviewing whether the trial court erred in concluding that a party has or has not waived arbitration, appellate courts apply an abuse-of-discretion standard." *Murfey v. Muth*, 2025-Ohio-1184, ¶ 17, citing *Bernat v. Ek Real Estate Fund I LLC*, 2024-Ohio-5043, ¶ 27 (7th Dist.).

{¶ 13} Maddox claims Indochino was in default because it failed to timely file a responsive pleading, the parties only stipulated to an extension of time to file an answer, and Indochino waived its right to arbitrate. However, the record shows a default judgment was never entered, and Indochino affirmatively included arbitration as an affirmative defense in its answer. As stated by one court, "An answer that includes arbitration as an affirmative defense does not constitute a waiver." *Hilton v. Mill Rd. Constr. II, Ltd.*, 2003-Ohio-7107, ¶ 11 (1st Dist.). Further, in this matter, Indochino filed its motion seeking arbitration within a month of filing its answer, the litigation was still in its early stages, written discovery and depositions had not yet occurred, and there was little, if any, prejudice to Maddox. Insofar as Maddox asserts that plaintiff's counsel agreed to the stipulation provided

that Indochino would only file an answer and not engage in motion practice, Maddox offers no authority to support its argument that the parties' stipulation amounted to a waiver of the right to compel arbitration pursuant to the parties' agreement. Despite Maddox's contention otherwise, the trial court did not abuse its discretion in finding that it had not been shown under the facts presented that Indochino had acted inconsistently with or had waived its right to arbitration. Moreover, we find no abuse of discretion in the trial court's decision to stay the proceedings and refer the case to arbitration. The first and second assignments of error are overruled.

{¶ 14} Under her third assignment of error, Maddox argues that Indochino failed to establish Maddox acquiesced to the purported arbitration provision. The record shows that Indochino filed an affidavit by its operations manager, who attested that a true and correct copy of the offer letter provided to Maddox was attached and that Maddox electronically executed the offer letter, acknowledging the arbitration provision therein. The evidentiary materials provided by Indochino were properly considered by the trial court. *See Wolfe v. J.C. Penney Corp.*, 2018-Ohio-3881, ¶ 14 (10th Dist.). Further, the act of electronically signing an agreement generally is sufficient to demonstrate assent to the agreement. *See id*. at ¶ 17. Insofar as Maddox argues the evidence fails to establish that she actually signed the agreement, Maddox has failed to cite any authority to support her argument. *See State v. Quarterman*, 2014-Ohio-4034, ¶ 19, (concluding that appellate courts "are not obligated to search the record or formulate legal arguments on behalf of the

parties"), citing *State v. Bodyke*, 2010-Ohio-2424, ¶ 78, (O'Donnell, J., concurring in part and dissenting in part); App.R. 16(A)(7). The third assignment of error is overruled.

{¶ 15} Under her fourth assignment of error, Maddox argues that the trial court failed to make any finding as to whether the arbitration agreement was unconscionable. However, in her brief in opposition to Indochino's motion, Maddox merely asserted that her alleged treatment during her employment "was unconscionable." She did not argue or meet her burden of demonstrating that the arbitration provision is either substantively or procedurally unconscionable, and she failed to raise 9 U.S.C. 401 et seq. or establish its application to this matter. Additionally, pursuant to the parties' agreement, the question of whether the matter is arbitrable is to be decided by the arbitrator. We find no error by the trial court herein. The fourth assignment of error is overruled.

{¶ 16} We do not find any error by the trial court in granting Indochino's motion to compel arbitration and stay the case. The decision of the trial court is affirmed.

It is ordered that appellee Indochino recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR